**BROWARD COUNTY CARPENTERS HEALTH AND WELFARE TRUST FUND, et al., Plaintiffs,**

v.

**SEYGO CONSTRUCTION CO., INC. etc., et al., Defendants.**

**No. 81–6673–CIV–JCP.**

United States District Court, S.D. Florida.

April 27, 1983.

Howard S. Susskind, Kaplan, Sicking, Hessen, Sugarman, Rosenthal & De Castro, Miami, Fla., for plaintiffs.

David R. Elder, Leiby & Elder, Miami, Fla., for Seaboard Surety.

Kenneth M. Bloom, Miami, Fla., for Seygo Const.

## ORDER

PAINE, District Judge.

This cause came before the Court on plaintiffs' motion for summary judgment (docket No. 26) and defendant's motion to strike plaintiffs' reply (docket No. 37).

### A. Plaintiffs' Motion for Summary Judgment

These facts are not in dispute: The defendant Seygo Construction Company entered into a collective bargaining agreement with the Broward County Carpenter's District Council on August 20, 1979. Seygo worked on the construction of the Summit Condominium and Braemar Isle projects in Broward County, Florida. On these projects, Seygo employed persons who were working pursuant to the collective bargaining agreement. Under this agreement, Seygo was obliged and failed to pay the sum of $8,439.44 for fringe benefit contributions to the plaintiff trust funds. These contributions were due on behalf of the employees of Seygo working on the Summit and Braemar Isles projects between August 21, 1979 and September 13, 1981. On June 21, 1982, this Court entered summary judgment in favor of plaintiffs and against Seygo for fringe benefit delinquencies, liquidated damages, attorneys' and accountants' fees, and costs. Plaintiff has yet to be satisfied for any of this judgment.

On June 18, 1980, the defendant Seaboard Surety Company executed a surety bond binding itself to pay for all of the labor supplied to the Summit and Braemar Isles sites. Plaintiffs sent written notices of Seygo's failure to pay the fringe benefit contributions for each site both to the principal on the bond, Crossly Window Company (on October 27, 1981) and to Seaboard (on November 3, 1981).[1]

This Court has jurisdiction over these claims pursuant to the Labor Management

---

1. There is no dispute that composite Exhibit A, attached to defendant's Reply Memorandum, (docket No. 35, filed June 30, 1982) includes true copies of these written notices.

Relations Act, 29 U.S.C. § 185, the Employee Retirement Income Security Act, 29 U.S.C. § 1132 and pendent federal jurisdiction. *See, Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and, *Boudreaux v. Puckett,* 611 F.2d 1028 (5th Cir.1980).

First, the defendant Seaboard contends that the notice given by plaintiffs was inadequate under F.S.A. § 713.23. Second, defendant argues that even if the notice was adequate, some individual laborers left the construction site more than 90 days before the giving of notice and that contributions owed on their account cannot be recovered on the bond.

1. Notice under F.S.A. § 713.23.

Section 713.23 of the Florida Statutes states, in part:

(e) In addition, any lienor who is not in privity with the contractor and who has not received payment shall serve the contractor with written notice of the performance of the labor or delivery of materials and supplies and the nonpayment therefor within 90 days after performance of the labor or complete delivery of materials and supplies. The notice may be in substantially the following form:

### NOTICE OF NONPAYMENT

To ... (name of contractor and address) ... The undersigned notifies you that he has furnished ... (describe labor, services, or materials) ... for the improvement of the real property identified as ... (property description) ... owned by ... (owner's name and address) ... (owner's name and address) ... under order given by ... The last of the labor, services, or materials was furnished on ..., 19.... The amount now due and unpaid is $.....

.... (Signature and address of lienor)....

■ Defendant argues the sample form of notice supplied by the statute sets forth the detail required for adequate notice:

that is, the name of claimants, the amount owed, the work performed, the project and the date of last performance. Since plaintiffs' notices fail to conform to the letter of the sample, Seaboard contends that they lack the requisite detail and are thus ineffective.

Defendant cites and this Court can find no authority for the proposition that the sample form suggested in the statute is the required form or contains the required detail. The words "The notice may be in substantially the following form" are clearly precatory.

Additionally, there is no indication that the surety is entitled to notice under F.S.A. § 713.23. Assuming that Seaboard was entitled to notice under this section, such notice was timely and adequately given. For example, in plaintiffs' letters of November 3, 1981, this language appears at the end of the third paragraph:

Pursuant to the labor and material bond upon which Seaboard Surety Company is surety, and Crossly Window Company, ..., is principal, this letter constitutes written notice that labor was performed on the above referenced job [i.e., Braemar Isles in one letter and Summit in the other] by employees of Seygo and that fringe benefit contributions have not been paid to or on behalf of the employees who performed said labor.

This Court concludes that if Seaboard was entitled to notice under F.S.A. § 713.-23, plaintiffs' letters of November 3, 1981 constituted adequate notice under that section.

2. Individual Work Performed Outside the 90-day Notice Period

■ Defendant contends that there are some workers who left the construction sites more than 90 days before the giving of notice [2] and thus, that contributions owed on their account cannot be recovered as the bond. Defendant cites *Gergora v. R.L. Lapp Forming, Inc.,* 619 F.2d 387 (5th Cir. 1980) in support of that contention; how-

---

**2.** This fact is revealed from plaintiffs' affidavits submitted in support of its motion for summary

judgment. (Affidavit of Certified Public Accountant, docket No. 28, filed June 10, 1982).

ever, *Gergora* held that the statutory 90-day notice period commenced on the last day on which labor was performed. Moreover, defendant's own form contract makes no provision for separate calculations of the 90-day period for each employee. "Any ambiguity as to the nature of the bond should be construed against the surety company and in favor of the broadest possible coverage to those intended to be benefitted by the protection of the bond." *General Insurance Company of America v. Sentry Indemnity Company,* 384 So.2d 1305, 1306 (Fla. App.1980) (citation omitted). This Court concludes that neither the statutory nor the contractual 90-day notice period runs separately for each employee.

**B. Defendant's Motion to Strike**

This motion should be denied.

Accordingly, it is ORDERED and ADJUDGED that:

1) Plaintiffs' motion for summary judgment (DE 26) is granted; plaintiffs shall submit a proposed final judgment order within fifteen (15) days of the date of this order; and,

2) defendant's motion to strike (DE 37) is denied.