Joseph GIARDIELLO, et al., Plaintiffs,

v.

BALBOA INSURANCE CO., et al., Defendants.

No. 84–0911–Civ.

United States District Court, S.D. Florida.

Sept. 30, 1985.

Allan M. Elster, N. Miami Beach, Fla., for plaintiff.

DeWitte Thompson, Atlanta, Ga., David L. Swimmer, Miami, Fla., for Balboa Ins. Co.

Mark Bloom, Miami, Fla., for Capital Bank.

Alyson J. Ginsburg, R.A. Cuevas, Asst. Co. Attys., Miami, Fla., for Dade County & its officials Dade County.

Robert A. Hingston, Miami, Fla., for L.G. Defelice, Inc.

Michael Nachwalter, Paul M. Bunge, Miami, Fla., Ralph J. Mendelsohn, Alton, Ill., for Thacker Const. Co.

Neil P. Linden, Miami, Fla., for James A. Cummings, Inc.

Peter W. Homer, Miami, Fla., for Peoples Nat. Bank of Commerce.

Robert E. Ferris, Jr., Gustafson, Stephens, Ferris, Forman & Hall, PA, Fort Lauderdale, Fla., for Fitzpatrick Healy Transit.

Leon E. Sharpe, PA, Miami, Fla., for Contractors Training & Development, Inc.

Joseph L. Ackerman, Jr., Slawson & Burman, N. Palm Beach, Fla., for Walsh Const. Co. of Illinois.

MEMORANDUM ORDER (a) GRANTING MOTIONS (1) TO DISMISS THIRD AMENDED COMPLAINT AS TO ALL DEFENDANTS EXCEPT BALBOA INSURANCE COMPANY, FHM CONSTRUCTION CO., INC., AND FRANK H. MENTORE, (2) FOR PROTECTIVE ORDERS AND (b) OF CERTIFICATION UNDER 28 U.S.C. § 1292

ATKINS, District Judge.

Plaintiffs seek recovery of contributions and other monies allegedly owed to them by defendant FHM Construction Co., Inc. (FHM) pursuant to a collective bargaining agreement between FHM, as the employer, and the Southeast Florida Laborers' District Council Dental, Vision & Preventative Care Trust Fund and the Laborers' Health & Welfare Trust Fund of Dade County. Defendant Frank H. Mentore (Mentore) is alleged to be corporate officer, principal stock holder and chief executive officer of FHM. FHM was a subcontractor employed by the five prime contractor-defendants to do certain work on the Metrorail projects.

Liability is sought against 16 of the remaining *twenty-two* defendants on the allegation that they were "employers as defined in Title 29 U.S.C. § 1002(5) in that they acted directly or indirectly in the interest of an employer (FHM) in relation to employee benefit plans" described in the Third Amended Complaint.

Recovery is sought against the five prime contractors on (1) a joint and several liability with the other defendants or (2) a third party beneficiary theory under Section 255.05 of the Florida Statutes.

Some of the exhibits attached to the Third Amended Complaint, by reference, clearly belie such employer status allegations as to these 16 defendants whose motions to dismiss are hereinafter granted. Plaintiffs in substance allege jurisdiction under Title 28 U.S.C. § 1332, Title 29, U.S.C. §§ 185 and 1132(a)(3) and pendant jurisdiction over related claims under Section 255.05.

There is no challenge as to the sufficiency of the Third Amended Complaint with respect to defendant FHM and Mentore.

*The Claim Against Balboa Insurance Company, Inc. (Balboa)*

The subcontract bond of Balboa (Exhibit G) is an obligee bond requiring it, in event of default by FHM, to "pay for all labor performed and materials furnished in the (performance) of the work provided for under the terms of the subcontract...." If Balboa is not an employer, within the definition of Section 1002(5), the only claim against Balboa, a California corporation, is a pendant state claim which requires diversity jurisdiction. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). This diversity must exist, of course, as to all defendants and plaintiffs. FHM is a Florida corporation. The citizenship of the plaintiffs is not alleged.

Balboa argues, with some persuasion that, as a surety, it is not an "employer" and therefore is not a proper defendant in an action to enforce rights under Sections 502 and 515 of ERISA. The Ninth Circuit has clearly held that sureties in like circumstances are not employers and federal district courts have no subject-matter jurisdiction in suits to enforce employer obligations of employee-defined benefit plans under ERISA. *Carpenters Southern California Administrative Corporation v. D & L Camp Construction Company, Inc.,* 738 F.2d 999 (9th Cir.1984) *Carpenters Southern California Administrative Corporation v. Majestic Housing,* 743 F.2d 1341 (9th Cir.1984).

In *Gergora v. R.L. Mapp Forming, Inc.,* 619 F.2d 387 (5th Cir.1980), the Fifth Circuit affirmed a judgment under 29 U.S.C.

§ 185 and pendent jurisdiction under Section 255.05, against a signatory contractor and a surety for delinquent contributions to an employee fund. District Judge Paine held likewise in *Broward County Carpenters v. Seygo Construction Company,* 570 F.Supp. 817 (S.D.Fla.1983). By the clear implication of these decisions, pendent party jurisdiction was found to exist where the contractor or subcontractor were parties to the collective bargaining agreement.

Because of these decisions, the motion to dismiss as to Balboa is DENIED. The fact that FMH, for whom Balboa is surety, is a signatory to the collective bargaining agreement is uncontested in this litigation.

### Certification under Section 1292

■ I find, because of the dichotomy between the square holdings of the Ninth Circuit and the implied holdings of *Gregora* and *Seygo, supra,* this order denying Balboa's motion to dismiss involves a controlling question of law, i.e., whether a surety of an employer is "employer" as defined by Section 1002(5), as to which there is substantial ground for difference of opinion. An immediate appeal from this order may materially advance the ultimate termination of this litigation.

The court does not stay this cause as to the defendants, Balboa, FHM and Mentore. Discovery may proceed as to them.

### The Alleged Claims Against the Remaining Defendants

It is apparent that the gravamen of plaintiffs' action against the remaining defendants is that they facilitated FHM's obtaining subcontracts on the Metrorail project. As before noted, plaintiffs allege these defendants are (except the five prime contractor-defendants named in paragraph numbered 35) liable as "employers" within the meaning of Section 1002(5). (paragraphs 8–16).

The crux of the definition of an employer under § 1002(5), is that "an employer is the person that established or maintains the plan, fund or program." *Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir. 1982). No such allegation is made as to these defendants; nor do plaintiffs allege these defendants had any direct or indirect control of any of the operations, finances or business operations of FHM. The letters of credit by the bank defendants were drawn solely in favor of the surety, Balboa.

■ The action against the five contractor-defendants (paragraph 35) are solely pendent in nature, based upon plaintiffs' third-party beneficiary status under Section 255.05 and joint and several liability with the other defendants. Absent subject matter jurisdiction under Section 502(a)(3) of ERISA, the counts against them must be dismissed for lack of diversity.

For the reasons above recited the motions against all defendants, except Balboa, FHM and Mentore are GRANTED and the third amended complaint is DISMISSED *with prejudice without leave to amend.*

### The Motions for Protective Orders

All motions for protective order are DENIED as MOOT. Discovery as to the three remaining defendants as above recited, may proceed on new notices or requests. The scheduled pretrial conference and trial dates previously announced *remain intact.* The issues between the plaintiffs and the three remaining defendants appear relatively straight-forward, not requiring extensive discovery.

### Imposition of Sanctions Under Rule 11

Several of the defendants sought an award of attorneys' fees and costs under Rule 11. Such applications are deferred until later in the proceedings. If then deemed meritorious all concerned parties will be given an opportunity to present their views and authorities.