LABORERS LOCAL 938 JOINT
HEALTH & WELFARE TRUST
FUND, et al., Plaintiffs,

v.

B.R. STARNES COMPANY OF
FLORIDA, et al., Defendants.

No. 85–2498–Civ.

United States District Court,
S.D. Florida.

Jan. 22, 1986.

Allan M. Elster, Miami Beach, Fla., for plaintiff.

John W. Kozyak, Kozyak, Tropin & Throckmorton, Miami, Fla., for Arvida Corp.

Richard W. Groner, Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, Fla., for Darin & Armstrong and USF & G.

Geoffrey S. Mombach, Mombach & Boyle, P.A., Boca Raton, Fla., for Starnes.

Stanley H. Wakshlag, Akerman, Senterfitt & Eidson, Miami, Fla., for Trapanesse.

MARCUS, District Judge.

The novel question presented by this cause is whether contractors and their sureties, none of whom are signatories to a collective bargaining agreement, are "employers" as defined by the Employee Retirement Income Security Act of 1974 (ERISA)[1] and thus bound by its statutory obligation to make contributions into employee benefit funds.

The Complaint in this action was filed on June 27, 1985 seeking damages under ERISA and pendent state claims. By Order dated July 27, 1985 the Honorable Eugene Spellman, United States District Judge, to whom this case was originally assigned, dismissed all pendent state claims *sua sponte.* Thereafter, Plaintiffs sought to revive their state law claims and petitioned this Court for reconsideration of its Order of Dismissal. At the same time, Defendants Trapenese Construction, Inc., ("Trapenese"), B.R. Starnes Company of Florida ("Starnes") and Arvida Corporation ("Arvida") moved to dismiss the remainder of the Complaint for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a federal claim, pursuant to Fed.R.Civ.P. 12(b)(6). Thereafter, Defendants Darin and Armstrong and United States Fidelity and Guarantee Company ("Fidelity") moved for summary judgment pursuant to Fed.R. Civ.P. 56.[2] Most recently, Plaintiffs moved to amend their Complaint. For the reasons

---

1. P.L. No 93–406, 88 Stat. 829 (codified at 29 U.S.C. Sections 1001 *et seq.,* (1985)).

2. Although entitled a motion for summary judgment, by its own terms this motion seeks dismissal of the complaint pursuant to FRCP Rule 12(b)(6). Whether treated as a motion for summary judgment under Rule 56, or one for dismissal of the Complaint pursuant to Rule 12(b)(6), the outcome remains the same, as this Court finds that it lacks subject matter jurisdiction over the cause.

discussed below, the Complaint is hereby DISMISSED for failure to state a claim and lack of subject matter jurisdiction. Fed.R.Civ.P., Rule 12(b)(1) and (6).

### I.

By way of background, R.N. Hicks Construction Co., Inc., ("Hicks"), not a party to this action, entered into a collective bargaining agreement on July 21, 1982 with the Southeast Florida Laborers District Council ("Union"), an employee organization as defined by Title 29 U.S.C. Section 1002(4). That collective bargaining agreement ("Agreement") obligated Hicks to make contributions into employee benefit plans ("Benefit Funds"). Those employee benefit funds, their trustees and the Union are Plaintiffs in this cause.

Plaintiffs allege that Hicks failed to make contributions into the Plaintiff funds, as required by the Agreement. According to the Complaint, Hicks is the subject of Chapter 11 proceedings in Federal Bankruptcy Court. In their motion papers, Plaintiffs state that they are barred from adding Hicks as a Party Defendant due to the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. Section 362. Apparently that proceeding has been converted into a Chapter 7 proceeding wherein Plaintiff has filed a motion for relief from the automatic stay. To date, however, Hicks is not a party to this action. Instead, Plaintiffs have sued four corporations engaged in the construction industry, each of whom contracted with Hicks, ("the contractors"), to perform construction work at certain projects. According to the Complaint each contractor contracted with various sureties, ("the sureties"), to "write performance bonds to cover, among other things, fringe benefit contributions owed to employees of contractors." Two of those sureties, Wausau Insurance Companies ("Wausau") and United States Fidelity and Guaranty Company, are named as Defendants to this action.[3] None of the Defendants are a party to the Agreement between Hicks and the Union.

In an inartfully drafted Complaint, Plaintiffs seek to recover against these Defendants under both federal and state statutes. The federal claim arises under Section 502(a)(3) of ERISA, 29 U.S.C. Section 1132(a)(3), as an action to enforce the obligations of employers under Section 515 of ERISA, 29 U.S.C. Section 1145. Section 515 imposes a statutory obligation on an employer to make contributions to a benefit plan as required by a collective bargaining agreement. Section 502(a)(3) specifies who is empowered to bring civil actions to enforce benefit plans. Plaintiffs' pendent state claim arises under Florida Statutes 255.05 and 713.23. Section 255.05 requires contractors to execute a payment and performance bond with a surety insurer prior to commencing repair or construction of a public building. Section 713.23 makes similar provisions for private construction projects. These statutes are clearly designed to protect those damaged by actions of the contractor and exempt property owners from liability under mechanics' lien laws. *See Gergora v. R.L. Lapp Forming Inc.*, 619 F.2d 387, 389 (5th Cir.1980). Plaintiffs sue on the bonds issued by the sureties to their respective contractors to recover payments due the Plaintiff funds under the Collective Bargaining Agreement.

### II.

The central question before the Court is whether Plaintiffs have properly pled a claim to recover contributions owed to benefit funds under ERISA. Since the state cause of action is pendent to and dependent upon the federal cause of action, if the federal cause is barred, the complaint must be dismissed. *Prince v. Wallace*, 568 F.2d 1176, 1178 (5th Cir.1978).[4] Here, Defend-

---

**3.** Defendant Wausau contracted with Defendant Starnes to serve as a surety; Defendant United States Fidelity is the surety for Defendant Darin and Armstrong. Wausau is the only Defendant who has not filed a motion to dismiss or for summary judgment. It is not altogether clear whether service has been perfected as to Wausau; it may be that Wausau has failed to respond to the complaint for this reason.

**4.** In *Bonner v. City of Pritchard,* 661 F.2d 1206 (11th Cir.1981) (en banc) the Eleventh Circuit

ants contend that they do not come within the definition of "employer" in ERISA, that they may not be held liable for contributions into Plaintiff benefit funds, and thus that this Court is without subject matter jurisdiction. Accordingly, we turn to the nature and scope of the term "employer" under ERISA.

Title 29 U.S.C. Section 1145 imposes a statutory obligation on employers to make contributions to benefit plans:

"Delinquent contributions

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

Employer is defined in Section 1002(5) as follows:

"... any person acting directly as an employer or indirectly in the interests of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." [5]

The parties agree that none of the Defendants fall within the first clause of this definition. Only Hicks was a party to the collective bargaining agreement with Plaintiff Union and acted "directly" as an employer in relation to Plaintiff benefit funds. Plaintiffs do argue, however, that Defendants acted "indirectly" in the interest of Hicks in relation to the benefit plans and therefore come within the second clause of Section 1002(5). For this contention Plaintiffs rely upon Florida Statutes 713.23 and 255.05 which, they argue, make the Defendant contractors and sureties statutorily liable for Hicks' delinquent contributions. According to Plaintiffs, this liability, al-

though grounded in state law, in essence places the Defendants in the shoes of Hicks, and thereby converts them into employers as defined in ERISA.

Even assuming, *arguendo*, Florida Statutes 713.23 and 255.05 impose liability on the Defendants for Hicks' failure to make contributions to the Plaintiff funds, a question which this Court need not reach, such state statutory liability would not effect the scope of the term "employer" as defined and applied under ERISA. We may assert jurisdiction over this cause either where the parties' citizenship is diverse, 28 U.S.C. Section 1332, or where a question arises under the Constitution, laws or treaties of the United States, 28 U.S.C. Section 1331.[6] Here, Plaintiffs endeavor to create a question of federal law from the bald pleading of a pendent state claim. Plaintiffs' circular reasoning masks the necessary analysis of a federal question which must be undertaken independent of its state claims. This examination, of course, is a prerequisite to the exercise of pendent jurisdiction, since the federal claim must be independently grounded to confer subject matter jurisdiction on the Court. *See Gibbs v. United Mine Workers*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218, 227 (1966).

Plaintiffs essentially rely upon four cases decided within this District and the Fifth Circuit which they claim establish this Court's federal question jurisdiction over sureties and contractors under ERISA. In our view, however, a careful analysis of those cases does not support Plaintiffs' position.

The first such opinion, *Gergora v. R.L. Lapp Forming, Inc.*, 619 F.2d 387 (5th Cir.1980) does not even address an ERISA claim. Three defendants were found liable in *Gergora*. The first, a construction contractor, contracted with a school board to

---

adopted as precedent the decisions of the Fifth Circuit decided prior to October 1, 1981.

**5.** Person is defined in Section 1002(9) in these terms:

"an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization."

**6.** The Complaint alleges 28 U.S.C. § 1332 (diversity jurisdiction) as a jurisdictional basis for this cause. Unfortunately, it does not clearly allege the state of citizenship of each party. Several, if not all of the Plaintiffs are citizens of Florida; at least two Defendants, Starnes and Trapanese, are Florida corporations. Plainly Plaintiffs' allegation of diversity jurisdiction is unfounded.

build a school. It, in turn, contracted with a subcontractor who was signatory to a collective bargaining agreement requiring it to contribute a stated amount to fringe benefit trust funds. The third defendant was a surety who issued a payment bond on the construction of the school to the contractor, pursuant to Florida Statute Section 255.05. Trustees of the benefit funds sought to recover unpaid contributions from all three entities. After default judgment was entered against the subcontractor, final judgment was entered against the contractor and its surety. That judgment was affirmed on an appeal brought by the surety.

At the outset we note that nowhere in the Fifth Circuit's opinion is there any reference to liability under ERISA. In fact, jurisdiction was predicated solely upon the Labor Management Relations Act, 29 U.S.C. Section 185, (which grants federal jurisdiction over "suits for violation of contracts between an employer and a labor organization . . .") and Florida Statute 255.-05. Moreover, the Fifth Circuit made explicit that the trustees' cause of action against the surety was "based on the payment and performance bond and Section 255.05, rather than on the collective bargaining agreement." *Gergora,* at 390. Of course, by adjudicating the appeal, the Circuit Court impliedly affirmed the District Court's finding that it had jurisdiction under the LMRA and could properly exercise pendent jurisdiction over the state claim.

The *Gergora* court, however, faced directly and adjudicated only two issues: first, whether the trustees' written notice was tardy, thereby precluding any suit against the general contractor and surety; and, second, whether the District Court's award of attorneys' fees to the trustees was contrary to Florida law. (Fla.Stat. Section 627.756(2)). The Court did not face the question or rule in any way that an "employer" under ERISA included sureties or contractors who were not signatories to a collective bargaining agreement.

Plaintiff also relies upon the unpublished Memorandum Order of the Honorable C. Clyde Atkins in *Giardiello v. Balboa In-surance Co.,* No. 84–911–CIV–ATKINS (S.D. Fla., September 30, 1985). There Judge Atkins found that a surety who issued a bond to a contractor, himself a signatory to a collective bargaining agreement, may fairly be considered an employer as defined by Section 1002(5). Judge Atkins relied upon what he characterized as the implied holdings to the same effect in *Gergora, supra,* and *Broward County Carpenters v. Seygo Construction Co.,* 570 F.Supp. 817 (S.D.Fla.1983). For the reasons already stated, we are not persuaded that the Fifth Circuit in *Gergora* impliedly, or otherwise, found nonsignatory sureties to be employers under ERISA. Moreover, a salient distinction between *Balboa* and this cause is that the surety in *Balboa* issued its bond to a signatory to a collective bargaining agreement. The signatory was directly obligated by that Agreement to make contributions into benefit funds; the surety expressly assumed the signatory's obligation. While we do not so find, we observe that such a surety may at least arguably act "indirectly in the interests of an employer, in relation to an employee benefit plan." By comparison, the sureties in this cause issued bonds for contractors not party to or obligated in any way by a collective bargaining agreement. Without some relationship to the collective bargaining agreement this Court finds no support for Plaintiffs' argument that these Defendants acted in the interests of an employer "in relation to an employee benefit plan."

Plaintiffs further rely upon *Broward Cnty. Carpenters v. Seygo Construction Co.,* 570 F.Supp. 817 (S.D.Fla.1983) which they would read as establishing this Court's ERISA jurisdiction over Defendants. Specifically, Plaintiffs quote the findings in *Seygo* that "this Court has jurisdiction over these claims pursuant to the Labor Management Relations Act (LMRA), 29 U.S.C. Section 185, the Employee Retirement Income Security Act, 29 U.S.C. Section 1132 and pendent federal jurisdiction." *Id.* at 819.

Accurate as this finding may be, it does nothing to establish this Court's jurisdiction in this case. In *Seygo,* judgment was

entered against a construction contractor who entered into a collective bargaining agreement with plaintiff union. The agreement obligated the contractor to make payments to trust funds. Judgment was also entered against a surety company which issued a bond to that contractor binding itself to pay for all the labor supplied to the construction sites. Plaintiffs having sued on the collective bargaining agreement, the District Court clearly had jurisdiction over the contractor under the Labor Management Relations Act. Further, Plaintiff sued the surety company on its bond purusant to Florida Statute 713.23 and the Court exercised its pendent jurisdiction over the surety. As for its exercise of jurisdiction under ERISA the Court did not specify to which defendants that jurisdiction extended. Surely it applied to the contactor who entered into a collective bargaining agreement obligating it to contribute to employee fringe benefit funds for that contractor—like Hicks in this case—"acts directly as an employer ... in relation to an employee benefit plan." Whether the Court meant to extend its ERISA jurisdiction to the surety before it as well is a matter not addressed directly by its opinion. But even if it were to be so read, it would not resolve the question before this Court, to wit, whether a *nonsignatory* to a collective bargaining agreement, and its surety, may be held liable under ERISA.

Plaintiffs further contend that the unpublished memorandum Order of the Honorable Eugene Spellman in *Balcom v. Southeastern Florida Properties*, 84–1576–CIV–EPS (S.D. Fla., June 28, 1985) lends further support to their position. In *Balcom* the Court found that the principal stockholder and chief executive officer of a signatory to a collective bargaining agreement is a "person acting ... indirectly in the interests of an employer, in relation to an employee benefit plan." To reach this conclusion the Court reasoned that the language of Section 1002(5)

"certainly does not indicate that corporate officers cannot be considered an 'employer.' Indeed, if this language is taken literally, any agent or employee whose duties involved the contributions to an employee benefit plan would be personally liable for any delinquencies. However, the Court need not give such an expansive interpretation of the statute to deny the motion to dismiss on this point."

This *dicta* does not confront the issue now pending before this Court. It may well be that an "employer" under Section 1002(5) includes an individual who is both the chief executive officer and principal stockholder of the delinquent "employer" in privity with the claimants. Utilizing an "economic reality" approach, Judge Spellman reasoned that such a person controlled the "employer." That individual certainly acted, at least indirectly, in the interests of the corporation. Moreover, his actions may well have been in relation to the employee benefit plan. But, in our judgment, to say the same thing about an independent company in no way a party to the collective bargaining agreement, or about that company's surety, calls for an unwarranted expansion of the coverage of Section 1002(5), and one not supported by the holding in *Balcom*.

Moreover, we note that a finding of liability of corporate officers of a signatory employer under ERISA is hardly a settled matter. In *Combs v. Indyk*, 554 F.Supp. 573, 575, (W.D. Penn.1982) for example; corporate officers were held excluded from the definition of employer under ERISA and the LMRA. There, the corporate officer in question signed the collective bargaining agreement on behalf of the corporation. A pendent state claim was asserted against the officer under Pennsylvania's Wage Payment and Collection Law, which included corporate officers within the statutory definition of employer. The district court considered the existence of liability under state law "too slender a reed" for exposing the officer to liability under federal law and found "no indication that Congress intended to expose corporate officers to liability for their employer's violations of ERISA." *Id.* at 575.

We are aware of only two decisions, both from the Ninth Circuit, which squarely face the issue now pending before this Court.

The first, *Carpenters Southern California Administrative Corp. v. D & L Camp Construction Co., Inc.,* 738 F.2d 999 (9th Cir.1984) upheld the dismissal of an ERISA and pendent state claim against a surety. That surety issued a bond to a signatory to a collective bargaining agreement. The Court flatly rejected the argument that a surety is an employer under 29 U.S.C. Section 1145.

"Neither the legislative history of ERISA, *see* 1974 U.S. Code Cong. & Ad. News 4639, nor (sic) of its 1980 amendments, *see* 1980 U.S. Code Cong. & Ad. News 2918, indicate that Congress meant to expand the concept of employer or the jurisdiction of the federal courts to include sureties, whose obligations are fixed by contract and regulated by state law for the protection of the public.

The surety that provides a bond pursuant to the California contractor licensing statute is not acting for the benefit of those who have been damaged by the employer's failure to pay. Cal.Bus. & Prof. Code Section 7071.5; *General Insurance Co. of America v. Superior Court of San Bernardino County,* 26 Cal.App.3d 176, 183, 102 Cal.Rptr. 541, 546 (1972). The protection is aimed at a broad class of entities that deal with contractors, not, as plaintiff would have us believe, primarily as protection of employee benefit plans. Any obligation of the surety to this plaintiff if founded in state, not federal law."

*Id.* at 1000–1001.

The Court declined to exercise its pendent jurisdiction over the claim, rejecting the notion that liability of the surety automatically follows from liability of the principal and that claims against the employer and the bonding company involve identical issues. The holding in *Camp Construction* was extended to nonsignatory subcontractors by *Carpenters Southern California Administrative Corp. v. Majestic Housing,* 743 F.2d 1341 (9th Cir.1984).

"We find the case before us is analogous to *Camp Construction.* Majestic is in a position similar to a surety in that it is a non-party to the bargaining agreement that is made responsible by the operation of state law for the failed obligations of the employer. And, as in *Camp Construction,* we find no evidence in the legislative history of ERISA or its 1980 amendments that a non-signatory property owner whose holdings are subject to a state mechanic's lien was intended as a proper defendant in an action to enforce the employer's obligations."

This Court has made a review of the legislative history of ERISA and, we too, can find no support for the extension of ERISA liability to non-parties to a bargaining agreement or their sureties. Moreover, under the Florida statutes, as with those in California, a surety acts not for the benefit of a contractor, as envisioned by Section 1002(5), but rather acts for the benefit of those who have been damaged by the contractor's failure to pay. *See Gergora v. R.L. Lapp Forming, Inc.,* 619 F.2d 387, 389 (5th Cir.1980). ("Florida Courts have recognized the purpose of Section 255.05 to be 'the protection of materialmen, laborers and the like, whose labor and materials are put into public works projects, upon which they can acquire no lien.'")

On the meager Complaint before this Court, it simply cannot be said that these Defendants acted "indirectly" "in the interest of Hicks" in relation to his obligations under the Agreement. Plaintiffs have not alleged in their complaint that the Defendant subcontractors expressly assumed the obligation of Hicks to make fringe benefit payments. In fact they have not even indicated whether those contractors acted as employer for the intended beneficiaries of the delinquent contributions. Nor is there any allegation that the sureties' bonds warranted Hicks' failure to honor the Agreement. There is only the self-serving and conclusory allegation that each Defendant "was an employer as defined in Title 29 U.S.C. Section 1002(5)."

Plaintiff argues only that entities not party to an agreement are somehow liable for monies owed under that agreement. This liability purportedly arises because state law offers an alternate basis of liabili-

ty under an entirely distinct theory of law. That basis is patently insufficient to confer federal question jurisdiction.

Only the Ninth Circuit in *Camp Construction* and *Majestic Housing* squarely faced this argument, and rejected it outright. We agree that to impose liability upon these Defendants under ERISA would grossly extend the scope of that law, where no such legislative intent is evident, nor apparent from the language of the statute itself. Plaintiffs' ERISA claim must therefore be dismissed. Without any federal jurisdiction—neither grounded in a federal question nor diversity of citizenship—this Court will not vacate its earlier ruling which dismissed all pendent state claims. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motions of Defendants Trapenese, Starnes and Arvida to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) is GRANTED, as is the Motion of Defendants Darin and Armstrong and Fidelity for Summary Judgment. Plaintiffs' Motion to Reconsider the Order of Dismissal of pendent state claims is DENIED. The Complaint is dismissed as to all parties, including Defendant Wausau, which did not move against the complaint.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion to Amend the Complaint is DENIED. The proposed amended complaint does not attempt to rectify the jurisdictional deficiencies of the Complaint. It would only allege more fully the damages Plaintiffs wish to recover, and would add several construction enterprises as party defendants. None of the proposed new defendants are alleged to have signed the Agreement, or otherwise assumed the liability of Hicks for fringe benefit contributions under that Agreement.