## BROTHERHOOD OF LOCOMOTIVE FIRE-MEN & ENGINEMEN v. CENTRAL OF GEORGIA RY. CO. et al.

### No. 13969.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1952.

Harold C. Heiss, Russell B. Day, Cleveland, Ohio, E. Smythe Gambrell, Charles A. Moye, Jr., Atlanta, Ga., for appellant.

C. E. Weisell, Cleveland, Ohio, Elliott Goldstein, Atlanta, Ga., A. R. Lawton, Savannah, Ga., W. Colquitt Carter, James N. Frazer, Atlanta, Ga., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order dismissing the suit for lack of jurisdiction. These proceedings were instituted by appellant in its capacity as representative of the Firemen's Brotherhood of the Central of Georgia Railroad. M. F. Hooker and George Ketterbaugh, employees of the railroad and members of the Firemen's Brotherhood, were co-plaintiffs with appellant in the original action.

A decree was sought in the court below enjoining appellees from further violation of Section 6 of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and for additional judgments in favor of the individual plaintiffs or, in the alternative, a decree abrogating an agreement of April 19, 1946, between the appellee and the Engineers' Brotherhood.

The complaint alleged that plaintiff Hooker, after being displaced from the yard engineer's extra list at Savannah, Georgia, attempted to exercise his seniority rights, pursuant to a contractual agreement of April 19, 1946, between the Firemen's Brotherhood, the Engineers' Brotherhood, and the Central of Georgia Railway Company, and that he was prohibited from so doing by the appellee. As a result, he was compelled to displace another engineer, one Ketterbaugh, at a point away from his home terminal, the latter being forced to return to a position as fireman.

On April 19, 1946, the tripartite agreement was entered into between the appellant, the railroad, and the Engineers' Brotherhood, which established certain rules governing the return of engineers to positions as firemen when there was no employment for engineers then available, and their return to that capacity when their services were again required. On July 20, 1948, the Engineers' Brotherhood and the railroad allegedly formed a new and separate agreement establishing rules inconsistent with the 1946 tripartite agreement. The rules created by the second contract were recognized and enforced by the carrier, according to the appellant, and resulted in a change in regulations and working conditions of the employees.

The District Court refused to assume jurisdiction, because an adequate administrative remedy was available before the National Railway Adjustment Board. This ruling was predicated upon the proposition that a disposition of the case on its merits would require the court to interpret a collective bargaining agreement, and that this was a subject over which the Adjustment Board had exclusive primary jurisdiction. The appellant asserts, however, that the federal courts may, in exercising their equitable discretion, assume such jurisdiction upon a showing that the aggrieved party cannot secure an adequate remedy before the Adjustment Board, and that the facts here so disclose.

In 1934, Congress, with support of both unions and railroads, passed an amendment to the Railway Labor Act, which created the Railway Adjustment Board, composed of representatives of the carriers and employees. Because of its peculiar composition and special equipment to exercise such functions, Congress conferred on the Adjustment Board jurisdiction to hold hearings, make findings, and enter awards, in all disputes between carriers and their employees growing out of grievances or out of the interpretation or application of agreements concerning rates of pay or working conditions. 45 U.S.C.A. § 153. Precedents established by it have provided a degree of uniformity for interpretation of collective agreements. Its jurisdiction over the making of collective agreements and over grievances arising under existing agreements has been held to be exclusive. Accordingly, we think the judgment appealed from should be affirmed. General Committee v. Missouri-Kansas-Texas R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76; Order of Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318; Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Malone v. Gardner, 4 Cir., 62 F.2d 15; Hampton v. Thompson, 5 Cir., 171 F.2d 535; Missouri-Kansas-Texas R. Co. v. Brotherhood of Ry. & S. S. Clerks, 7 Cir., 188 F.2d 302.

Only after the Adjustment Board has acted can it definitely appear that re-

lief by the courts is necessary to insure compliance with the statute. Order of Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318.

Affirmed.