**PILOT FREIGHT CARRIERS, Inc.,**
Plaintiff,

v.

**J. M. BAYNE, Leroy M. Howland, George Thomas Cochran, S. C. Jones, H. J. Elmore, Jr., Jack Little, Clayton Lacey, Teamsters Local Union Nos. 391, 71 and 182, American Federation of Labor, unincorporated associations; and other officers, members and sympathizers and all persons acting for such associations, and individuals whose names are unknown; and International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, American Federation of Labor, Defendants.**

**Civ. No. 1657.**

United States District Court,
W. D. South Carolina,
Greenville Division.

Oct. 11, 1954.

Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff.

Robert S. Cahoon, Greensboro, N. C., Harold N. Morris, Greenville, S. C., for defendants.

WYCHE, Chief Judge.

The above case is before me upon motion of the plaintiff to remand. The action is one in equity in which the plaintiff prays for an injunction to enjoin the defendants, all of whom are labor unions, and officers and members thereof, from maintaining and aiding in a strike, from picketing, and from inducing common carriers and truckmen and their employees to refuse to serve the plaintiff; and from continuing to perform the acts complained of in violation of the collective bargaining agreements in existence between the plaintiff and said unions; the complaint also prays that plaintiff be awarded actual and punitive damages for each and every day that said picketing and cessation of normal work continue in violation of said collective bargaining agreements.

The defendants contend that 29 U.S.C.A. § 185(a) gives this court jurisdiction in an action of this kind.

The suit here is primarily a suit for injunctive relief, and, incidentally, for damages for breach of a contract between the employer and the labor union. The plaintiff alleges that it has no adequate remedy at law.

It is my opinion that 29 U.S.C.A. § 185(a) gives the United States District Court no new power to enjoin the acts alleged in the complaint. Without power to act in the matter there could be no original jurisdiction of the equity suit.

It is my opinion that Section 185(a), 29 U.S.C.A., does not confer jurisdiction on the United States District Court to entertain or grant the injunction prayed for in the complaint in this case. The motion to remand must, therefore, be granted, and

It is so ordered.