**INTERNATIONAL ASSOCIATION OF MACHINISTS, Appellant,**

v.

**EASTERN AIRLINES, INC., Appellee.**

No. 20115.

United States Court of Appeals
Fifth Circuit.
July 18, 1963.

**452**

Joseph P. Manners, Herbert L. Heiken, Manners & Amoon, Miami, Fla., for appellant.

W. Glen Harlan, E. Smythe Gambrell, William G. Bell, Jr., Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., for appellee Eastern Air Lines, Inc.

Before RIVES and CAMERON, Circuit Judges, and BOOTLE, District Judge.

BOOTLE, District Judge.

This appeal is from the judgment of the district court dismissing the complaint of appellant, the exclusive bargaining agent for certain of appellee's employees. The complaint is in three counts invoking jurisdiction on the basis of diversity of citizenship and an amount in controversy in excess of $10,000.00, under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., made applicable to common carriers by air by 45 U.S.C.A. § 181, and also under the National Labor Relations Act, § 301(a), 29 U.S.C.A. § 185. For convenience, appellant will be called plaintiff, and appellee, defendant. Count 1 charged that defendant was in violation of its existing bargaining agreement with plaintiff and in violation of the Railway Labor Act, 45 U.S.C.A. §§ 152 and 156, by attempting unilaterally to cancel earned vacations of its employees covered by said agreement. Count 2 charged that defendant had further acted in violation of the Act and of said agreement by virtue of defendant's unilateral extension of work week coverage of certain of its employees in its Engine Overhaul Division to a seven day work week.[1] Count 3 charged that "the aforesaid complained of violation[s] of its agreement with Defendant are but a part of a deliberate scheme of Defendant, designed to eliminate Plaintiff as sole bargaining agent for its employees"; that defendant chose its manner of behavior to preclude the possibilities on the part of plaintiff to process complaints through the ordinary grievance procedures provided for in the agreement; that defendant's behavior has destroyed confidence in plaintiff as an efficient bargaining agent and has encouraged rival organizations to compete with plaintiff for the support of defendant's employees; that, "in addition, as part of Defendant's scheme to replace Plaintiff as sole bargaining agent for its employees, Defendant, in violation of * * * its agreement with Plaintiff had laid off and severed divers numbers of its employees without the notice and severance payments due said employees under the terms of said agreement", and that "all of the unlawful conduct of Defendant in violation of its Agreement with Plaintiff and in violation of the Railway Labor Act as aforesaid" has caused plaintiff to expend huge sums in a vain attempt to have defendant abide by said agreement and in resisting activities of rival labor organizations. In Counts 1 and 2 plaintiff asked for temporary and permanent injunctions, and in Count 3 for temporary restraints and damages.

Defendant filed its motion to dismiss upon the grounds that (1) the complaint failed to state a claim upon which relief could be granted; (2) the court lacked jurisdiction because the matters set forth in the complaint were within the exclu-

---

1. This extension does not mean that the employees were required to work seven days a week, but that occasionally some of them would be required to work on Saturdays and Sundays.

sive jurisdiction of the Eastern Air Lines Mechanical Department System Board of Adjustment under the Railway Labor Act, 45 U.S.C.A. § 153 First (i), Second; and (3) the court lacked jurisdiction because of the provisions of the Norris-La-Guardia Act, 29 U.S.C.A. §§ 101–115.

The trial court, after considering the verified complaint and arguments and memoranda of counsel, entered an order dismissing the complaint, expressing the view that the complaint had as its purpose injunctive relief against alleged violations of the collective bargaining agreement and damages for the alleged injuries caused plaintiff by an alleged scheme to eliminate plaintiff as the sole bargaining agent for defendant's employees. The trial court significantly observed that the allegations of a scheme were predicated entirely upon the alleged violations of said agreement. The trial court further concluded that the alleged violations of the agreement were "minor disputes" or grievances and were subject to the exclusive jurisdiction of the System Board of Adjustment, citing Slocum v. Delaware, Lackawanna & W. R. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950) and Order of Ry. Conductors of America v. Southern Ry. Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811 (1950).[2] We agree that the judgment dismissing the complaint was correct.

■ Plaintiff concedes that mere interpretations of bargaining agreements are understood to be "minor disputes" and are under the exclusive jurisdiction of the local system boards of adjustment. This concession is entirely in order. Slocum v. Delaware, Lackawanna & W. R. R. Co., supra; Order of Ry. Conductors of America v. Southern Ry. Co., supra. These two cases extended the doctrine announced in Order of Ry. Conductors v. Pitney, 326 U.S. 561, 66 S.Ct. 322,

90 L.Ed. 318 (1946) to the effect that the administrative agency created under the Railway Labor Act to decide such matters of contract interpretation and application has primary jurisdiction thereof. In a case much like the one at bar this court affirmed the dismissal of such a suit in Brotherhood of Locomotive Firemen & Enginemen v. Central of Georgia Ry. Co., 199 F.2d 384 (5th Cir. 1952). The fact that the matters complained of are alleged to constitute violations of the Act as well as violations of the agreement does not oust the Adjustment Board of its exclusive jurisdiction. Alabaugh v. Baltimore & O. R. R. Co., 222 F.2d 861 (4th Cir. 1955), cert. denied, 350 U.S. 839, 76 S.Ct. 77, 100 L.Ed. 748 (1955).

■ Plaintiff contends, however, that these matters, unilateral cancellation of earned vacations and extension of work week in alleged violation of the agreement, constitute "major disputes". We cannot agree. The distinction between major and minor disputes has been repeatedly stated by the courts, nowhere more clearly, perhaps, than in Elgin, Joliet & Eastern Ry. Co. v. Burley, 325 U.S. 711, 723, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945). There the Court defined "major disputes" as those which relate to the "formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy. They look to the acquisition of rights for the future, not to assertion of rights claimed to have vested in the past." On the other hand, according to the Court in the Burley case, "minor disputes * * * involving grievances" contemplate "the existence of a collective agreement already concluded or, at any rate, a situation in which no effort

---

**2.** The court's order took the form of findings of fact and conclusions of law. This form was irregular in that the case was not heard upon the facts but only upon the motion to dismiss. There was filed with the motion to dismiss, and printed in the record here, an affidavit by defendant's Director of Labor Relations. It was not referred to in the "findings of fact". Presumably, the trial court gave no consideration to it. We give it none. We test the correctness of the court's order on the basis of what it is, namely, an order sustaining the motion to dismiss.

is [being] made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case. * * * In either case the claim is to rights accrued, not merely to have new ones created for the future." Minor disputes are "generally speaking, disputes relating to construction of a contract". Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. R. Co., 363 U.S. 528, 531, 80 S.Ct. 1326, 1328, 4 L.Ed. 2d 1379, 1382 (1960). See also Baltimore & O. R. R. Co. v. United R. R. Workers, 271 F.2d 87, 90 (2d Cir. 1959).

Nor are the allegations of Count 3 sufficient to save the suit from dismissal. The gravamen of these allegations is summarized above. They do not bring this case within the scope of the holding of Brotherhood of R. R. Trainmen v. Central of Georgia Ry. Co., 305 F.2d 605 (5th Cir. 1962). There it was charged that the railroad was taking action to discharge the Chairman of the Grievance Committee of the Brotherhood and that it was doing this pursuant to a plan and scheme of the railroad and its officials for the purpose of discrediting the Brotherhood and the Chairman in the performance of their duties as craft representative and as General Chairman, respectively, under the Act; that the planned disciplinary hearing leading to threatened and probable dismissal was for the purpose of interference with and influence and coercion of the members of the Brotherhood in the choice or designation of their bargaining representative under 45 U.S.C.A. § 152, Third; and that, by its charges and the proposed investigation of the General Chairman, the railroad intended to dismiss him as an employee thereby disqualifying him as a representative of employees at investigations and thereby hampering, impeding, and hindering the Brotherhood and the General Chairman in the performance of their duties as craft representative and General Chairman, respectively, thus interfering, influencing, and coercing the trainmen employees in their free choice of their craft representative and their General Chairman. Construing these allegations, the court said: "we think that a direct, positive charge is made that the purpose of the Railroad in the ostensible disciplinary investigative proceeding is to thwart * * * [the General Chairman and the Brotherhood's] effectiveness as a collective bargaining agent for the Trainmen. Whether this can be established by evidence is quite a different thing." Brotherhood of R. R. Trainmen v. Central of Georgia Ry. Co., supra, at 608.

■ We see substantial difference between the Central case and the case at bar. Here no bargaining representative is sought to be disciplined or fired. In the present case there is no threatened or pending disciplinary investigation, real or ostensible. Plaintiff has made no "direct positive charge" of any independent underlying purpose on the part of the employer to thwart the effectiveness of collective bargaining agents. There are only allegations of violations of the collective bargaining agreement alleged further to be "but part of a deliberate scheme of defendant, designed to eliminate plaintiff as sole bargaining agent for its employees." No other "parts" of the suggested scheme are alleged except the complained of violations of the collective bargaining agreement. As the trial court correctly said the allegations of a scheme are predicated entirely upon the alleged violations of the collective bargaining agreement. The Adjustment Board cannot be by-passed; its jurisdiction cannot be thwarted in minor disputes in grievance cases by the bald allegation that the violations of the agreement are "but a part of a deliberate scheme" designed to eliminate the union as sole bargaining agent. A contrary holding would go far toward eliminating the usefulness of the Adjustment Board.

■ We have not overlooked the fact that Count 3 seeks not only temporary restraints but damages also, nor plaintiff's contention that the Adjustment Board cannot award damages to a

union as distinguished from its members. Of course, the main purpose of the litigation was to obtain injunctive relief restoring the parties to the status quo. One district court in a somewhat similar case entirely disregarded such an incidental claim for damages. Pilot Freight Carriers, Inc. v. Bayne, 124 F.Supp. 605 (W.D.S.C.1954). We need not go that far. We hold that all claims asserted in the complaint are within the exclusive jurisdiction of the Adjustment Board save possibly plaintiff's claim for damages resulting from the alleged breach of contract. Brotherhood of Locomotive Firemen & Enginemen v. Central of Ga. Ry. Co., 199 F.2d 384 (5th Cir. 1952). And we hold further that with respect to the damage claim the complaint failed to state a cause of action and was properly dismissed. This is true because such claim for damages does not arise under the Railway Labor Act but only from contractual relations and the only possible basis of jurisdiction would be diversity of citizenship under 28 U.S.C.A. § 1332; Hettenbaugh v. Airline Pilots Ass'n., 189 F.2d 319 (5th Cir. 1952). The requisite diversity of citizenship is not sufficiently alleged. The allegation that jurisdiction is *invoked* on the basis of diversity of citizenship is insufficient for the purpose. Plaintiff, presumably being a voluntary unincorporated association, is not a citizen in any particular state in its own right and the actual citizenship of its members is determinative. Hettenbaugh v. Airline Pilots Ass'n., supra. It presumably has a membership in Florida, but whether it does or not it was incumbent upon defendant to allege facts showing jurisdiction of the court and this would require allegations negativing its being such voluntary unincorporated association or facts as to the residence or citizenship of its members. Hettenbaugh v. Airline Pilots Ass'n., supra.

While the complaint invokes jurisdiction also under the "National Labor Relations Act, 29 U.S.C.A. § 185" this is of no avail because, while we have found no cases on the question, our comparison of the Railway Labor Act with the National Labor Relations Act, particularly 29 U.S.C.A. § 185 and the definition sections 29 U.S.C.A. §§ 142 and 152, convinces us that 29 U.S.C.A. § 185 has no applicability to this case.

We find it unnecessary to pass upon defendant's contention that the case is now moot by reason of the resolution and adjustment of grievances as to vacations by the Adjustment Board during the pendency of this litigation. The fact of said adjustment however emphasizes the availability of the administrative remedy, the failure to exhaust the same prior to suit, and the absence of necessity for equitable relief. Brotherhood of Locomotive Firemen & Enginemen v. Central of Ga. Ry. Co., supra. The judgment appealed from is

Affirmed.