**LABORERS LOCAL 938 JOINT HEALTH & WELFARE TRUST FUND, et al., Plaintiffs-Appellants,**

v.

**B.R. STARNES COMPANY OF FLORIDA, et al., Defendants-Appellees.**

**LABORERS LOCAL 938 JOINT HEALTH & WELFARE TRUST FUND, et al., Plaintiffs-Appellees,**

v.

**B.R. STARNES COMPANY OF FLORIDA, Wausau Insurance Companies, Darin & Armstrong, United States Fidelity & Guaranty Co., Arvida Corporation, Defendants,**

**Trapanese Construction, Inc., Defendant-Appellant.**

Nos. 86–5379, 86–5458.

United States Court of Appeals, Eleventh Circuit.

Sept. 21, 1987.

Allan M. Elster, Miami Beach, Fla., for plaintiffs-appellants.

William R. Pomeroy, Sarasota, Fla., for Darin & Armstrong and U.S. Fidelity and Guar. Co. in No. 86–5379.

Stanley H. Wakshlag, Ackerman, Senterfitt & Eidson, Nina Brown, Miami, Fla., for Trapanese Const. Co., Inc.

Conrad J. Boyle, Mombach & Boyle, Boca Raton, Fla., for B.R. Starnes Co. of Florida in No. 86–5379.

Marte V. Singerman, Kozvak, Tropin & Throckmorton, P.A., John W. Kozyak, Miami, Fla., for Arvida Corp.

Allan M. Elster, Miami Beach, Fla., Conrad J. Boyle, Mombach & Boyle, P.A., Boca Raton, Fla., for plaintiffs-appellees.

Richard W. Groner, Abel, Band, Brown, Russell & Collier, Sarasota, Fla., for U.S. Fidelity and Guar. Co. in No. 86–5458.

Before GODBOLD and ANDERSON, Circuit Judges, and SWYGERT[*], Senior Circuit Judge.

PER CURIAM:

In the first of these consolidated cases, No. 86–5379, the primary issue presented is whether subcontractors and their sureties who are not signatories to a collective bargaining agreement are employers under § 502 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(3) (1974). This issue, as well as the alternative arguments for jurisdiction asserted by plaintiffs, were recently resolved by this court in *Xaros v. U.S. Fidelity and Guaranty Co.*, 820 F.2d 1176 (11th Cir.1987). *Xaros* is controlling, therefore we affirm the district court's finding of lack of subject matter jurisdiction.

The facts are straightforward. R.N. Hicks Construction Company entered into a collective bargaining agreement with the Southeast Florida Laborers' District Council under which it was obligated to make contributions to the Laborers Trust Funds (employee benefit plans). Hicks contracted with several construction companies—Darin & Armstrong (D & A), Trapanese Construction and Properties of Hamilton (Trapanese), and Arvida Corporation (Arvida)—to perform construction work at various sites. United States Fidelity and Guaranty wrote payment or performance bonds on D & A's jobs.[1] None of the construction companies or sureties was

* Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. Plaintiffs argue that the district court erred in denying their motion to amend their complaint in order to add as defendants three other construction companies and one other surety. Although, pursuant to Fed.R.Civ.P. 15(a), leave to

a signatory to the collective bargaining agreement.[2]

After auditing Hicks' payroll records the Laborers Trust Funds determined that Hicks owed $249,525.55 of fringe benefit contributions to the Funds. The Trust Funds were unable to recover the contributions from Hicks because of a stay resulting from Hicks' filing of Chapter 11 bankruptcy. The Trust Funds sued the contractors and sureties alleging that these non-signatories to the collective bargaining agreement fell within the definition of an employer under ERISA, 29 U.S.C. § 1002(5), and thus were obligated for the alleged delinquent contributions of Hicks as an employer under ERISA, 29 U.S.C. § 1145. The Trust Funds asserted jurisdiction under 28 U.S.C. § 1332, 29 U.S.C. § 1132(a)(3) and pendent jurisdiction.

The district court, sua sponte, entered an order dismissing all pendent state claims. It subsequently held that contractors and sureties who are non-signatories to a collective bargaining agreement do not fall within the definition of an employer under § 1002(5). The court therefore ruled that it did not have independent subject matter jurisdiction over defendants under 29 U.S.C. §§ 185, 1132, and 1145, and granted the motions of Trapanese, Starnes and Arvida to dismiss the complaint and the motion of D & A and USF & G for summary judgment, 658 F.Supp. 305.

On appeal, the Trust Funds challenge the district court's dismissal for lack of federal subject matter jurisdiction on three grounds. In the consolidated case, No. 86–5458, defendant Trapanese asserts that the district court erred in denying it attorneys' fees and costs. We affirm the district court on all issues raised.

## I. Subject Matter Jurisdiction

■ In *Xaros v. U.S. Fidelity and Guaranty Co.*, 820 F.2d 1176, 1179 (11th Cir.1987)[3] we held that:

[N]onsignator subcontractors and sureties are not employers as defined in section 1002(5) of ERISA and as incorporated into section 1145 of the Act, thereby precluding federal subject matter jurisdiction over claims against these nonsignatories for a signatory's failure to make contributions to employee benefit plans. To hold otherwise would constitute an unwarranted departure from the language of, and intent underlying, sections 1002(5) and 1145.

We rejected the argument that § 1002(5)'s phrase "Any person acting indirectly as an employer, or indirectly in the interests of an employer, in relation to an employee benefit plan" must be read to include persons other than signatory employers who act indirectly in the interests of the employer and the plan.

---

amend is to be freely given where justice so requires, there is no obligation to allow amendment if to do so would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In its order denying the Trust Funds' motion to amend, the district court found that the proffered amendment did not cure the jurisdictional deficiencies of the original complaint but only alleged more fully the damages plaintiffs wished to recover and added several construction enterprises as party defendants, none of which were alleged to have signed the collective bargaining agreement or to have otherwise assumed the liability of Hicks for fringe benefit contributions under that agreement. The district court was correct that nothing in the amendments would have corrected the fundamental lack of jurisdiction under ERISA. The district court therefore did not abuse its discretion in denying the motion to amend.

**2.** In their complaint the Trust Funds stated that D & A, Arvida, and USF & G are foreign corpo-

rations and that Trapanese is a Florida corporation.

**3.** The facts in *Xaros* are similar to those in the present case. Landmark, a signatory to collective bargaining agreements with the Southeast Florida Laborers District Council, was obligated under the terms of the agreement to make fringe benefit contributions to the Laborers Trust Funds. The Trust Funds sued Landmark to collect delinquent contributions, but the proceedings were stayed when Landmark filed for bankruptcy. The Trust Funds then commenced an action against D & A, with whom Landmark had contracted to perform construction work, and USF & G which had written a payment or performance bond on D & A's projects. Neither D & A nor USF & G was a signatory to the collective bargaining agreement pursuant to which the Trust Funds sued.

The phrase, "in the interests of the employer" is the operative one here. The surety does not act indirectly in the interests of the employer, but rather acts directly in the interests of employees damaged by the employer's failure to pay.

*Id.* at 1180. The defendant contractors and sureties in this case were not signatories to the collective bargaining agreement between the Trust Funds and Hicks and therefore are not "employers" under ERISA. The district court was correct in finding that it did not have jurisdiction under 29 U.S.C. §§ 1002(5) and 1145.

The Trust Funds submit that § 301 of the LMRA provides an alternate basis for jurisdiction. We rejected this argument in *Xaros*. Section 301 empowers federal courts to examine and adjudicate violations "of contracts between an employer and a labor organization representing employees in industry affecting commerce." A critical feature of § 301 jurisdiction precludes the Trust Funds from relying upon it, however: "a Section 301 suit may be brought for violation of a labor contract only *against* those who are parties to the contract in issue." *Id.* at 1181 (citing *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.,* 690 F.2d 489, 501 (5th Cir. 1982)). None of the defendant contractors or sureties in the present case is party to the collective bargaining agreement at issue and none has any rights under it. "Rather, their rights are statutory in origin. A cause of action against them does not arise under the agreement but is merely related to it, and therefore the court does not have jurisdiction of these claims under section 301." *Xaros*, slip op. at 1181. Any liability on the part of defendants would be pursuant to state law in an action to recover upon the payment and performance bonds posted pursuant to state law.

■ Finally, the Trust Funds contend that the diversity statute, 28 U.S.C. § 1332, can provide federal jurisdiction. They do not contend that diversity currently exists but rather that diversity jurisdiction exists with respect to the foreign corporations and that this court should use its power under 28 U.S.C. § 1653 to allow them to amend their complaint in order to dismiss the non-diverse defendants.

As we noted in *Xaros,* the Trust Funds, which appear to be voluntary unincorporated associations, are not citizens of any particular state; rather, the citizenship of trust fund members is determinative of the existence of diversity of citizenship. *Xaros,* slip op. at 1181 (citing *Int'l Ass'n of Machinists v. Eastern Airlines, Inc.,* 320 F.2d 451 (5th Cir.1963) and *United Steel Workers of America, AFL–CIO v. Bouligny,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965)). It is incumbent upon the Trust Funds to allege facts showing jurisdiction of the court, which "would require allegations negativing its being such voluntary unincorporated association or facts as to the residence or citizenship of its members." *Eastern Airlines,* 320 F.2d at 455. In *Xaros* we affirmed the district court's dismissal of a complaint in which the plaintiffs merely invoked, without supporting factual allegations, diversity jurisdiction pursuant to § 1332. As in *Xaros,* plaintiff Trust Funds have not alleged facts establishing the citizenship of any of the parties, nor have they alleged facts negativing their existence as voluntary unincorporated associations.[4]

## II. Costs and Attorneys' Fees

In No. 86–5458, Trapanese asserts that the district court erred in denying its re-

---

4. Moreover, § 1653 would be an inappropriate vehicle by which to amend the complaint to add new parties because this section is intended to enable courts to remedy inadequate jurisdictional allegations, not to remedy defective jurisdiction itself. 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended ..."); *Pressroom Unions-Printers League Income Security Fund v. Continental Assured Co.,* 700 F.2d 889, 893 (2d Cir.1983); *Field v. Volkswagenwerk AG,* 626 F.2d 293, 306 (3d Cir.1980); *Miller v. Stanmore,* 636 F.2d 986, 990 (5th Cir. Unit A 1981).

quest for attorneys' fees. The court denied Trapanese's request on the grounds that:

> The jurisdictional issues and questions of statutory construction presented by the Complaint and Motions to Dismiss were fairly debatable and not easily resolved by this Court. Moreover, in bringing this lawsuit Plaintiffs were not bound by any clear authority in this jurisdiction prohibiting such a suit. Under these circumstances, an award of attorney fees would be inappropriate.

We hold that the district court did not err.

 The district court correctly dismissed the case for lack of subject matter jurisdiction because the defendants were not employers under ERISA. There is therefore no basis for awarding fees under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

 Trapanese also contends for the imposition of Rule 11 sanctions against the Trust Funds. Rule 11 requires an attorney to make a reasonable prefiling inquiry into the merits of a case and to certify that to the best of his knowledge and belief "it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose." Fed.R.Civ.P. 11. The standard for testing conduct under Rule 11 is "reasonableness under the circumstances," an objective standard of good faith. Fed.R.Civ.P. 11 Advisory Committee Note; *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987). Courts are to avoid the wisdom of hindsight and are to test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was submitted. *Id.* A decision whether a pleading is legally sufficient involves a question of law subject to *de novo* review by this court. *Donaldson*, slip op. at 1556.

We agree with the district court that the jurisdictional issues and questions of statutory construction involved in this case were fairly debatable and not easily resolved. There was no clear binding precedent on the issue. Only in *Xaros* did this circuit address and resolve the issues raised by plaintiffs' complaint. Rule 11 is intended to deter frivolous suits, not to deter novel legal arguments or cases of first impression. In bringing this suit plaintiffs acted reasonably under the circumstances.

Finally Trapanese claims that two Florida statutes, Fla.Stat. §§ 713.29 and 57.105, provide bases for an award of fees. Section 713.29 mandates an award of fees to the prevailing party in an action brought to enforce a mechanic's lien pursuant to Chapter 713. Section 57.105 provides for an award of attorneys' fees to a prevailing party in a civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. Given that the federal court dismissed the case for lack of subject matter jurisdiction and the merits of the state claims have yet to be tried, it would be inappropriate to award fees under either of these Florida provisions at this time.

AFFIRMED.