Douglas BLEILER

v.

CRISTWOOD CONTRACTING CO., INC. and the Netherlands Insurance Co.

Civ. No. 3:93CV2390 (AHN).

United States District Court, D. Connecticut.

Nov. 7, 1994.

Lawrence G. Rosenthal, Wolf, Horowitz & Thayer, Hartford, CT, for plaintiff.

Martin A. Gould, Hartford, CT, for defendants.

### RULING ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANTS' MOTION TO DISMISS

NEVAS, District Judge.

The plaintiff, Douglas Bleiler ("Bleiler"), a trustee of the International Union of Operating Engineers Local Union 478 Benefit Funds (the "Benefit Funds"), initially filed this action under Conn. Gen.Stat. Ann. § 49–42 (West 1994)[1] in Connecticut Superior Court against the defendants, Cristwood Contracting Co., Inc. ("Cristwood") and Netherlands Insurance Co. ("NIC") (collectively referred to as "the defendants"). Cristwood is the principal and NIC is the surety on a payment bond issued for work on the Bucks Hill Park Project (the "Project"), a public contract. On December 2, 1993, the defendants removed this action to federal court. On August 2, 1994, the court denied Bleiler's motion to remand, holding that the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 et seq. (West 1985) ("ERISA"), preempted Bleiler's state claims under Conn. Gen.Stat. Ann. § 49–42.

Currently pending before the court are Bleiler's motion to amend the complaint [doc. # 12] and the defendants' motion to dismiss the complaint under Rule 12(b)(6), Fed. R.Civ.P., for failure to state a claim upon which relief may be granted [doc. # 9]. For the reasons that follow, the plaintiff's motion to amend is GRANTED and the defendants' motion to dismiss the Second Amended Complaint is GRANTED.

### STANDARD OF REVIEW

#### I. Motion to Amend

█ Bleiler contends that the defendants are liable under a payment bond to remedy subcontractor Testa Excavating, Inc.'s ("Testa") breach of its obligations under a collective bargaining agreement to contribute pension benefits to the Benefit Funds for each hour that Local 478 operating engineers worked for Testa on the Project. In furtherance of that theory, Bleiler has moved to amend the complaint to allege that Cristwood is an "employer" under ERISA, 29 U.S.C.A. § 1002(5), and thus is liable under the bond to remedy Testa's breach of the collective bargaining agreement. (*See* Req. for Leave to File a Second Am. Compl.)

█ Rule 15(a) requires that permission to amend a pleading "shall be freely given when justice so requires." *See* Rule 15(a), Fed.R.Civ.P. The decision whether to grant leave to amend, however, is within a court's sound discretion. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). When evaluating a motion to amend, a court must consider several factors, including the likelihood of prejudice to the opposing party, the existence of bad faith or dilatory motive, and whether the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182–83, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

█ When the motion to amend is made after excessive delay, the burden is on the moving party to establish a satisfactory explanation. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990). Prejudice may exist if extensive additional discovery would be required, if the proceedings would be delayed significantly, or if an imminent danger exists that the moving party would seek to abuse the discovery process to force a favorable settlement. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987). Permitting a proposed amendment also may be prejudicial if discovery already has been completed, but this concern may be alleviated if the new claim arises from a similar set of operative facts and a similar time as the existing claims. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985); *see also State Teachers Retirement*

---

1. Section 49–42(a) provides in relevant part:
 Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49–41 and who has not been paid in full ... may enforce his right to payment under the bond by serving notice of claim ... on the surety that issued the bond....

*Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981).

Here, the court finds that granting Bleiler's motion to amend the complaint would not prejudice the defendants. Bleiler's claim against Cristwood arises from similar facts and a similar time as the existing claims against NIC. Further, although the defendants' motion to dismiss is directed at Bleiler's original complaint, the defendants have addressed the issue of whether Cristwood is liable in their supporting papers. (*See* Mem. Defs.' Mot. Dismiss Compl., at 5–6 [doc. # 10].) Accordingly, Bleiler's motion to amend is GRANTED and the court will treat the defendants' motion to dismiss as if it were directed towards Bleiler's Second Amended Complaint.

### II. *Motion to Dismiss*

■ The defendants challenge Bleiler's authority to maintain this action under ERISA and move to dismiss under Rule 12(b)(6), Fed.R.Civ.P. (*See* Mot. Dismiss Compl. [doc. # 10].) Bringing this motion under Rule 12(b)(6), however, is technically inaccurate. Instead, the motion should be presented as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

■ A motion to dismiss under Rule 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case ..." and "[t]ypically ... alleges that the federal court lacks either federal question or diversity jurisdiction over the action." 2A James W. Moore et al., *Moore's Federal Practice,* ¶ 12.07, at 12–49 (2d ed. 1994). Here, because the court will be unable to exercise subject matter jurisdiction over Bleiler's claims unless NIC and Cristwood fall within ERISA's definition of "employer", a motion to dismiss pursuant to Rule 12(b)(1) is proper. Significantly, other courts also have considered the issue presented here—a plaintiff's authority under ERISA to sue a nonsignatory surety to a collective bargaining agreement—as a challenge to their subject matter jurisdiction. *See, e.g., Giardiello v. Balboa Ins. Co.,* 837 F.2d 1566 (11th Cir. 1988); *Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co.,* 827 F.2d 1454, 1457 (11th Cir.1987); *Xaros v.*

*United States Fidelity & Guar. Co.,* 820 F.2d 1176, 1180 (11th Cir.1987). Accordingly, the court will construe the defendants' motion to dismiss as a motion under Rule 12(b)(1).

■ In considering a motion to dismiss under Rule 12(b)(1), the court construes the complaint broadly and liberally in conformity with the principle set out in Rule 8(f), Fed. R.Civ.P., "but argumentative inferences favorable to the pleader will not be drawn." 5A Charles A. Wright et al., *Federal Practice and Procedure* § 1350, at 218–19 (1990 & Supp.1991). The mover and the pleader may use affidavits and other materials beyond the pleadings themselves in support of or in opposition to a challenge to subject matter jurisdiction. *See Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1010 n. 4, 91 L.Ed. 1209 (1947); *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir.1976), *cert. denied sub nom.,* 469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984). Once challenged, the burden of establishing a federal court's subject matter jurisdiction rests on the party asserting jurisdiction. *See Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942); *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979).

### FACTS

For the purposes of this ruling, the following facts are accepted as true. Under the terms of a public contract with the City of Waterbury, Connecticut, Cristwood became the prime general contractor on the Project, located in Waterbury, Connecticut. Cristwood, as principal, and NIC, as surety, executed a bond pursuant to Conn. Gen.Stat. § 49–42 by which the defendants bound themselves, jointly and severally, to satisfy any claimants who were not paid by Cristwood in connection with the Project.

Cristwood thereafter hired Testa as a subcontractor to perform labor and services in connection with the Project. Testa subsequently entered into a collective bargaining agreement by which Testa agreed to contribute to the Benefit Funds of the Local 478 operating engineers whom Testa employed

on the Project. Neither Cristwood nor NIC were signatories to this agreement.

Testa failed to pay $13,671.96 in benefits for the period of July 1, 1992 through November 14, 1992.

## DISCUSSION

 This case presents the question of whether a general contractor and its surety, neither of which are signatories to a collective bargaining agreement between a subcontractor and its employees, are "employers" under ERISA and thus liable to pay the subcontractor's unpaid contributions under the collective bargaining agreement. NIC, the surety, argues that it is not an "employer" under ERISA and therefore cannot be liable for unpaid contributions to the collective bargaining agreement between the Benefit Funds and Testa. Conversely, Bleiler argues that NIC falls within ERISA's definition of "employer."

Under ERISA,

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C.A. § 1145. ERISA defines an "employer" as "any person acting directly as an employer or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C.A. § 1002(5) (West Supp. 1994).

Courts deciding whether a surety is an employer under ERISA routinely have declined to enlarge ERISA's definition of "employer" to include a surety that was not a signatory to the collective bargaining agreement at issue. See Giardiello, 837 F.2d at 1566; B.R. Starnes, 827 F.2d at 1457; Xaros, 820 F.2d at 1180. As the Ninth Circuit has stated, "[n]either the legislative history of ERISA nor its 1980 amendments indicate that Congress meant to expand the concept of employer or the jurisdiction of the federal courts to include sureties, whose obligations are fixed by contract and regulated by state law for the protection of the public." Carpenters S. Cal. Admin. Corp. v. D & L Camp Constr. Co., 738 F.2d 999, 1000 (9th Cir.1984) (citations omitted).

The Eleventh Circuit also has addressed this issue. In excluding sureties from coverage under ERISA, the Eleventh Circuit has focused on two aspects of the employer-surety relationship: (1) whether the surety was a signatory to the collective bargaining agreement and (2) whether the surety acted indirectly in the employer's interest in relation to the collective bargaining agreement. See Xaros, 820 F.2d at 1180. For example, in Xaros, the plaintiffs brought ERISA claims against their employer's subcontractor and the subcontractor's surety to recover unpaid fund contributions to the plaintiffs' employee benefit plans pursuant to a collective bargaining agreement between the plaintiffs and their employer. The Xaros court held that "nonsignator ... sureties are not employers as defined in section 1002(5) of ERISA and as incorporated into section 1145 of the Act, thereby precluding federal subject matter jurisdiction over claims against these nonsignatories for a signatory's failure to make contributions to employee benefit plans." Id. The Xaros court further held that a "surety does not act indirectly in the interests of the employer, but rather acts directly in the interests of employees damaged by the employer's failure to pay." Id. (citation omitted).

Similarly, the Giardiello plaintiffs brought an ERISA claim against a subcontractor's surety to recover contributions allegedly owed by the subcontractor under a collective bargaining agreement between the subcontractor and the plaintiffs. The court held that it lacked subject matter jurisdiction to hear the claim against the surety because the surety was not a signatory to the collective bargaining agreement and because the surety bond it issued was not for the protection of the subcontractor. See Giardiello, 837 F.2d at 1569–70; see also B.R. Starnes, 827 F.2d at 1456–57 (nonsignatory sureties do not act indirectly in the interests of employers and are not employers under ERISA).

Although the present case is factually distinguishable from Xaros and Giardiello because it involves the surety of a general

contractor whose subcontractor is a party to a collective bargaining agreement, the principles underlying *Xaros* and *Giardiello* nonetheless apply here. NIC was not a signatory to the collective bargaining agreement between Testa and Benefit Funds. Moreover, Bleiler has not alleged that NIC issued the surety bond for any reason other than its intended statutory purpose—to " 'protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims without defeat or undue delay.' " *American Masons' Supply Co. v. F.W. Brown Co.*, 174 Conn. 219, 227 (1978) (citations omitted). Accordingly, NIC does not qualify as an "employer" under ERISA and the court thus lacks subject matter jurisdiction over Bleiler's claim against NIC.

Bleiler cites *Greenblatt v. Delta Plumbing & Heating Corp.*, 818 F.Supp. 623 (S.D.N.Y. 1993), to support its position that NIC is an employer under ERISA. In *Greenblatt*, the guardians of a retirement fund sued the surety that had guaranteed the employer's plan obligation. The *Greenblatt* court rejected the reasoning of the Eleventh and Ninth Circuits and held that the surety qualified as an employer under ERISA. *See id.* at 625. In concluding that the surety acted in the interests of the employer, the court noted that the collective bargaining agreement expressly required the employer to bond its pension obligations. *See id.* at 629. Further, the *Greenblatt* court reasoned that, because the collective bargaining agreement could not have been reached without the bond, the surety benefited both the employer, who sought the benefit of the agreement, as well as the employees, whose benefit payments were guaranteed. *See id.* In reaching that decision, the court distinguished *Greenblatt* from *Carpenters,* where the employer was statutorily required under California law to bond the project. The *Greenblatt* court also acknowledged that the facts in *Carpenters* " 'could create a galaxy of problems arising under California law,' in-

cluding compliance with various other California statutes and the union's position in relation to the claims of other claimants on the bond." *Id.* at 629 (quoting *Carpenters,* 738 F.2d at 1000).

The factors the *Greenblatt* court relied upon to determine that the surety acted indirectly in the interests of the employer are absent here. First, Bleiler does not allege that the collective bargaining agreement between Testa and Benefits Funds expressly obligated Testa to take out a surety bond. Second, like the employer in *Carpenters,* Cristwood was required to bond the Project under Connecticut law. Consequently, Bleiler's reliance on *Greenblatt* is misplaced.[2]

Just as NIC is not an "employer" under ERISA, neither is Cristwood, the general contractor. Cristwood was not a signatory to the collective bargaining agreement between Testa and Testa's employees and therefore is not an "employer" under ERISA. *See Chicago Dist. Council of Carpenters Pension Fund v. Strom,* 634 F.Supp. 163, 171–172 (N.D.Ill.1986) (general contractor who is not signatory to collective bargaining agreement is not "employer" under ERISA). Accordingly, the court lacks subject matter jurisdiction over Bleiler's claim against Cristwood.

In sum, the court lacks subject matter jurisdiction over Bleiler's claims against both Cristwood and NIC.

### CONCLUSION

Based on the foregoing, the plaintiff's motion to amend [doc. # 12] is GRANTED. The defendants' motion to dismiss the Second Amended Complaint [doc. # 9] also is GRANTED. The action is dismissed in its entirety and the Clerk shall enter judgment accordingly.

SO ORDERED.

---

**2.** This court recently cited *Greenblatt* to support the proposition that federal courts are expanding the definition of "employer" under ERISA due to the increasing complexity of the corporate structure. *See Christensen v. Chesebrough–Pond's Inc.*, 862 F.Supp. 22 (AHN) (D.Conn.1994). In *Christensen*, the court found that a parent corporation that was a signatory to a severance plan covering employees of its subsidiary qualified as an "employer" under ERISA. *Christensen,* however, is distinguishable from the present action. Unlike the parent corporation in *Christensen,* NIC was not a signatory to the collective bargaining agreement.