CARPENTERS SOUTHERN CALIFORNIA ADMINISTRATIVE CORPORATION, Plaintiff-Appellant,

v.

MAJESTIC HOUSING, a California corporation, Defendant-Appellee.

No. 83–6534.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1984.

Decided Sept. 27, 1984.

James P. Watson, Cox, Castle & Nicholson, Los Angeles, Cal., Charles P. Scully, San Francisco, Cal., for plaintiff-appellant.

Lynn K. Thompson, Musick, Peeler & Garrett, Los Angeles, Cal., for defendant-appellee.

Before CHOY and SKOPIL, Circuit Judges, and PRICE,* District Judge.

SKOPIL, Circuit Judge:

Assignees of pension fund trustees brought this action to enforce a lien created when an employer failed to contribute to the fund according to agreement. The action was removed to federal court, where jurisdiction was challenged. The district court held it had jurisdiction and granted summary judgment to the owner of property subject to the lien. We reverse.

FACTS AND PROCEEDINGS BELOW

Carpenters Southern California Administrative Corporation ("CSCAC") is a California corporation that administers certain fringe benefit trusts for members of the United Brotherhood of Carpenters and Joiners of America ("Union"). These trusts were created pursuant to collective bargaining agreements between the Union and the Southern California General Con-

---

* The Honorable Edward D. Price, United States District Judge for the Eastern District of California, sitting by designation.

tractors. Each of these trusts is an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Wesley R. Guyer, a framing subcontractor, signed a memorandum collective bargaining agreement with the Union. Under the terms of that agreement, he was to contribute to the fringe benefit trusts administered by the CSCAC on a per employee, per hour basis. In the spring of 1982 Guyer contracted with Majestic Housing ("Majestic") to perform carpentry services on Majestic's building project in Simi Valley, California. During the course of Guyer's involvement with the project he apparently incurred obligations to the trust funds which he did not pay. The Trustees of the funds assigned the resulting collection claims to CSCAC.

CSCAC promptly set about attempting to collect the delinquent contributions. It filed a mechanics' lien on Majestic's Simi Valley property pursuant to Cal.Civ.Code § 3111. On June 27, 1982 CSCAC brought an action in Ventura County Superior Court to foreclose on the lien. Majestic petitioned for removal to federal court, and the case was removed to the district court for the Central District of California.

In district court, CSCAC challenged the subject matter jurisdiction of the federal court, and moved for remand to state court. In response, Majestic asserted that the district court had federal question jurisdiction based on section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. The district court held that CSCAC had stated a federal cause of action under section 301. CSCAC's motion for remand was therefore denied.

Majestic moved for summary judgment on the ground that Cal.Civ.Code § 3111, which created the lien CSCAC sought to foreclose, was preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(a). The district court agreed, and granted Majestic's

motion for summary judgment on November 15, 1983.

In the meantime, CSCAC brought an action against Guyer in federal district court for the amounts allegedly owing to the trust funds. Judgment by default was entered against Guyer subsequent to the district court's grant of summary judgment in this case. *Carpenters Southern California Administrative Corporation v. Guyer*, No. Civ. 82–489–AH (C.D.Cal. Dec. 13, 1982).

CSCAC appeals the denial of its motion for remand and the grant of Majestic's motion for summary judgment.

## DISCUSSION

■ We review *de novo* a district court's decision on subject matter jurisdiction. *Clayton v. Republic Airlines, Inc.*, 716 F.2d 729, 730 (9th Cir.1983).

■ The district court should deny a motion to remand to state court if the case was properly removed to federal court under 28 U.S.C. § 1441. *Salveson v. Western States Bankcard Association*, 731 F.2d 1423, 1426 (9th Cir.1984). Section 1441 authorizes removal of any action based on a claim or right arising under federal law. *Id.* The question for review is therefore whether the district court correctly concluded that CSCAC's claim arose under federal law.

■ The burden of establishing federal jurisdiction is placed on the party seeking removal, *Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Salveson*, 731 F.2d at 1426, and the removal statute is strictly construed against removal jurisdiction, *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). Underlying these rules is the rationale that a plaintiff should be free to decide what law he will

rely upon. *The Fair v. Kohler Die. & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913); *Salveson*, 731 F.2d at 1426–27. "[W]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground." *Salveson*, 731 F.2d at 1427 (*quoting* 1A Moore's Federal Practice ¶ 0.160, at 185 (2d ed. 1979)).

These general principles are embodied in the "well-pleaded complaint" doctrine.

> [W]hether a case is one arising under the Constitution or a law ... of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 725, 58 L.Ed. 1218 (1914). "A defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, __, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

1. Section 301.

In the case before us, the district court held that "[t]he preemptive force of section 301 [of the LMRA] is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" Alternatively, the district court found that jurisdiction existed because calculation of the amount that CSCAC could recover through foreclosure of its lien would require reference to Guyer's collective bargaining agreement with the Union, and would require proof that Guyer had breached the collective bargaining agreement by failing to make the required contributions.

We think the district court has given section 301 of the LMRA an excessively expansive interpretation. The district court relied primarily on the Supreme Court decision in *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n. of Machinists & Aerospace Workers*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). In that case, an action was filed in state court by the employer alleging that the employer had a contract with the union under which the union had agreed to submit all grievances to binding arbitration. The employer further alleged that the union violated the agreement by participating in work stoppages, and it sought temporary and permanent injunctions against further breaches. Under the law in effect at the time it was impossible for a federal court to grant the injunctive relief petitioner sought. Nonetheless the Supreme Court held that the employer's action arose under section 301 and thus could be removed to federal court, although the employer pleaded an adequate claim for relief under state contract law and sought a remedy available only under state law. *Avco*, 390 U.S. at 560, 88 S.Ct. at 1237. In a more recent decision the Supreme Court has said that

> [t]he necessary ground of decision [in Avco] was that the preemptive force of § 301 is so powerful as to displace entirely any state cause of action "for violation of contracts between an employer and a labor organization." Any such suit is purely a creature of federal law....

*Franchise Tax Board*, 103 S.Ct. at 2853–54.

The Court in *Franchise Tax Board* made clear, however, that the preemptive force of section 301 was not without limits. The Court noted that "even under § 301 we have never intimated that any action merely relating to a contract within the coverage of § 301 arises exclusively under that section." *Franchise Tax Board*, 103 S.Ct. at 2854 n. 28.

The limits of the preemptive reach of section 301 were well expressed in *Painting and Decorating Contractors Association v. Painters and Decorators Joint Committee*, 707 F.2d 1067 (9th Cir.1983). In that case we held that in order for jurisdiction to be proper under section 301, the action must be "based on an alleged breach of contract between an employer and a labor organization and ... the resolution of the lawsuit [must] be focused upon and governed by the terms of the contract." Id. at 1071.

■ In this case, the first part of the *Painters and Decorators* test is satisfied, but the second is not. In both *Avco* and *Painters and Decorators*, the rights and liabilities of both parties were determined by the bargaining agreement under the stated cause of action. Here, although the amount of the mechanic's lien must be determined by the terms of the collective bargaining agreement, Majestic has no rights or liabilities under the agreement. Majestic's rights and liabilities are entirely of statutory origin. Once CSCAC's mechanic's lien had been recorded, Majestic had the right to withhold the amount of the lien from its payment to Guyer. Cal.Civ. Code § 3153. If Majestic had paid Guyer and CSCAC foreclosed on the lien, Majestic would have a cause of action against Guyer, or its bonding company, for the amount of the judgment entered. Id. Majestic's liability therefore is not "focused upon" the agreement, precluding the exercise of jurisdiction under section 301.

■ The district court also reasoned that jurisdiction was proper because the lien foreclosure would require reference to Guyer's collective bargaining agreement. The mere reference to the collective bargaining agreement does not make this a case "arising under" federal law within the meaning of 28 U.S.C. § 1441. A right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action. *Gulley*, 299 U.S. at 112, 57 S.Ct. at 97. We have already rejected the contention that this is somehow a suit under section 301 of the LMRA.

### 2. ERISA.

Although the district court did not reach the question, it was argued below that CSCAC's claim arose under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as an action to enforce the obligations of the employer under section 515 of ERISA, 29 U.S.C. § 1145. Section 515 imposes a statutory obligation on an employer to make contributions to a benefit plan that are required by a collective bargaining agreement. 29 U.S.C. § 1145. Section 502(a)(3) specifies who is empowered to bring civil actions to remedy violations of ERISA provisions or to enforce benefit plans. 29 U.S.C. § 1132(a)(3). Section 502(a)(3) also very generally provides for remedies when such violations occur. *Id.*

■ We reject the argument that Majestic is a proper defendant in an action to enforce rights under 29 U.S.C. §§ 1132 and 1145. We are guided in this decision by the recent case of *Carpenters Southern California Administrative Corporation v. D & L Camp Construction Company, Inc.*, 738 F.2d 999 (9th Cir.1984). In *Camp Construction*, the administrator of a benefit plan brought an action to recover unpaid contributions. The defendants in the action were the employer and the surety on the employer's state contractor license bond. The district court dismissed the surety for lack of subject matter jurisdiction. The district court reasoned that dismissal was required because diversity of citizenship between the plaintiff and the surety did not exist, and any cause of action against the surety was founded upon state rather than federal law.

On appeal, the plan administrator argued as a basis for federal jurisdiction that the claim against the surety was one "arising under" federal law as a suit to enforce employer obligations. This court rejected the contention that one other than an "employer" had obligations under section 515 ERISA defines "employer" as "any person acting directly as an employer, or

indirectly in the interest of an employer, in relation to an employee benefit plan...." 29 U.S.C. § 1002(5).

... Neither the legislative history of ERISA, see 1974 U.S.Code Cong. & Ad. News 4639, nor of its 1980 amendments, see 1980 U.S.Code Cong. & Ad.News 2918, indicate that Congress meant to expand the concept of employer or the jurisdiction of the federal courts to include sureties, whose obligations are fixed by contract and regulated by state law....

The surety that provides a bond pursuant to the California contractor licensing statute is not acting for the benefit of the employer; it is acting for the benefit of those who have been damaged by the employer's failure to pay. Cal.Bus. & Prof.Code § 7071.5; *General Insurance Co. of America v. Superior Court of San Bernardino County*, 26 Cal.App.3d 176, 183, 102 Cal.Rptr. 541, 546 (1972) ... Any obligation of the surety to this plaintiff is founded in state, not federal law.

*Camp Construction*, 1000–01.

We find the case before us is analogous to *Camp Construction*. Majestic is in a position similar to a surety in that it is a non-party to the bargaining agreement that is made responsible by the operation of state law for the failed obligations of the employer. And, as in *Camp Construction*, we find no evidence in the legislative history of ERISA or its 1980 amendments that a non-signatory property owner whose holdings are subject to a state mechanic's lien was intended as a proper defendant in an action to enforce the employer's obligations.

We recognize a distinction between this case and *Camp Construction*, although we find that it does not detract from our holding today. Cal.Civ.Code § 3111 is specifically intended to benefit employee benefit trust funds, whereas Cal.Bus. & Prof.Code § 7071.5, the statute which requires contractor bonding, is intended to benefit a broad class of entities that deal with contractors. *See Camp Construction*, at

1001. That fact bears only on standing to maintain an action as a plaintiff under state law.

We hold, therefore, that CSCAC's action to enforce the lien against Majestic's property is one under state, and not federal law. Consequently, the district court was without jurisdiction to rule on the motion for summary judgment. The question of whether section 514(a) of ERISA, 29 U.S.C. § 1144(a), supersedes Cal.Civ.Code § 3111 does not provide a basis for federal jurisdiction, see, e.g., *Franchise Tax Board*, 103 S.Ct. at 2848 & n. 12 (action based on state law does not "arise" under federal law merely because state law may be preempted by federal law). The question is preserved in its entirety for another day.

The district court is REVERSED, and the case is REMANDED with instructions that the case be remanded to state court.