**LOCAL 921, OF CHICAGO AND CENTRAL STATES JOINT BOARD, AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION in a representational capacity of all employee members at Norwood Division of Hillcrest Mills, Inc., and Sara Jane Parker, Susan Jagmin, Karen Detra, and Beverly Johnson, individually and as members of a class, Plaintiffs,**

v.

**The ESTATE OF Arnold W. SCHMIDT, by Robert COOK, personal representative, and as yet to be named directors and shareholders, Defendants.**

No. 88–C–135–S.

United States District Court, W.D. Wisconsin.

April 27, 1988.

Richard R. Grant, Consigny, Andrews, Hemming & Grant, Janesville, Wis., for plaintiffs.

Robert L. Elliott, Cook & Franke, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Before the Court is the motion of defendant Robert Cook, Personal Representative of the Estate of Arnold W. Schmidt, to dismiss. Also before the Court is the motion of plaintiffs to remand.

This case involves the claims of former Union employees, individually and as members of a class, against the directors and shareholders of their former corporate employer for vacation, health insurance and other benefits which remain unpaid since the sale of the corporate assets. Plaintiffs seek relief under Wis.Stat. § 180.40(6). Federal question jurisdiction is asserted under 28 U.S.C. § 1441(b).

A party seeking removal has a burden of establishing federal jurisdiction. See *Wilson v. Republic Iron and Steel Company*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Jones v General Tire & Rubber*, 541 F.2d 660, 664 (7th Cir.1976).

28 U.S.C. § 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in

interest properly joined and served this defendant as a citizen of the state in which such action is brought.

■ In determining whether removal under § 1441(b) is appropriate, a federal court must determine whether a federal claim appears on the face of the complaint. *See Lingle v. Norge Div. Magic Chef, Inc.*, 823 F.2d 1031, 1040 (7th Cir.1987).

■ A complaint may be properly dismissed under Rule 12(b)(6) when allegations in the complaint affirmatively show that the complaint is barred by the applicable Statute of Limitations. *See Suckow Borax Consolidated, Inc. v. Borax Consolidated, Ltd.*, 185 F.2d 196, 204 (9th Cir. 1950) *cert. denied* 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680; *McMahon v. Eli Lilly & Company*, 774 F.2d 830, 837 (7th Cir.1985). Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) provides:

(a) VENUE, AMOUNT AND CITIZENSHIP. Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The Statute of Limitations for actions arising under § 301(a) is six months. *See Gibson v. AT & T Technologies, Inc.*, 782 F.2d 686, 687 (7th Cir.1986).

## FACTS

For purposes of this motion the following facts are assumed to be true.

Plaintiff Local 921 of Chicago and Central States Joint Board, Amalgamated Clothing and Textile Workers Union (Union) represented the Union employees of Norwood Division of Hillcrest Mills, Inc. (Norwood). Plaintiffs Sara Jane Parker, Susan Jagmin, Karen Detra and Beverly Johnson have brought this action individually and as members of the class of Union employees employed by Norwood to recover those benefits due from the employer on the date of sale. These benefits are identified in the Collective Bargaining Agreement between the Union and Norwood dated April 9, 1984.

Arnold W. Schmidt was the majority shareholder of Hillcrest Mills, Inc. (Hillcrest). In July 1986 the assets of Hillcrest were sold to Kennedy Mills, Inc. (Kennedy). Officers and owners of Hillcrest represented to the plaintiffs that they should forego some benefits to keep the business in operation prior to the sale. Kennedy continued Hillcrest operations, but employed plaintiffs under different terms than those found in the Collective Bargaining Agreement. Schmidt tendered his shares to Hillcrest in October 1986, and ceased to be a shareholder of Norwood. Norwood represented to the employees that it had no assets with which to satisfy the unpaid benefits. Plaintiffs brought this action in February 1988 in state court. Following removal to federal district court, attempted service of process on Norwood was voided. *See* this Court's order of March 14, 1988, dismissing Norwood as a party defendant.

## OPINION

The Court must address the questions whether plaintiffs' complaint states a federal cause of action giving this Court jurisdiction and whether § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) pre-empts the state claims before considering the merits of defendants' motion to dismiss.

In *Lingle v. Norge Division of Magic Chef, Inc.*, 823 F.2d 1031 (7th Cir.1987), the court identified the framework to be used in the Seventh Circuit in determining whether a state cause of action is pre-empted by § 301. A federal court must first examine the propriety of removal and the basis for its jurisdiction. Only then can pre-emption be examined. *Id.* at page 1037. If the Court determines that the complaint states a claim for a federal remedy on its face or avoids a federal claim only by "artful pleading," then removal is proper. *Id.* at page 1042.

28 U.S.C. § 1441(b) authorizes removal where a complaint raises a federal ques-

tion. Applying the "well-pleaded complaint rule" a federal court must determine as a matter of law whether a claim appears on the face of the complaint unaided by the pleadings. *Id.* at page 1040. *See also Caterpillar v. Williams,* —— U.S. ——, ——, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318, 327 (1987); *Gully v. First National Bank,* 299 U.S. 109, 112–113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). However, pursuant to the "artful pleading" exception to the well-pleaded complaint rule, a plaintiff who is the "master" of his or her own complaint cannot be permitted to disguise claims properly within the jurisdictional scope of federal laws. *Lingle, supra* at page 1040.

■ In *Lingle* the Court rejected plaintiff's attempt to characterize her claim as a retaliatory discharge in violation of an Illinois statute rather than a claim for wrongful discharge under a collective bargaining agreement. Section 301 of the Labor Management Relations Act confers jurisdiction of federal district courts to decide lawsuits alleging violations of collective bargaining agreements. Both those claims founded directly on rights created by collective bargaining agreements and those claims substantially dependent on an analysis of a collective bargaining agreement are governed by § 301. *See Caterpillar v. Williams, supra,* —— U.S. at page ——, 107 S.Ct. at page 2430, 96 L.Ed.2d at page 328.

The Ninth Circuit has created a two-part test for establishing jurisdiction under § 301. The action must be "based on an alleged breach of contract between an employer and a labor organization and . . . the resolution of the lawsuit must be focused upon and governed by the terms of the contract." *Carpenters Southern California Administrative Corporation v. Majestic Housing,* 743 F.2d 1341, 1345 (9th Cir. 1984). In *Carpenters* the Court held that a mechanics lien imposed upon defendant was a statutory liability outside the jurisdiction of § 301 despite the fact that the amount of the lien was determined by the collective bargaining agreement to which the subcontractor employed by defendant was a party. The Court found that the

first part of the test was satisfied when the subcontractor failed to make payments required under the collective bargaining agreement. This breach gave rise to the attempted mechanics lien. However, the court determined that the second part of the test was not satisfied because defendant's liability was not "focused upon" the collective bargaining agreement.

Even if the Ninth Circuit view were adopted by this Court, the *Carpenters* analysis would not be an appropriate method for depriving the Court of jurisdiction in this case. Although neither the defendants in *Carpenters* nor this action were actual parties to the relevant collective bargaining agreement, the cases are distinguishable. The only named defendant presently in this action is the estate of the former majority shareholder of Norwood, Schmidt. He had an identity of interest with the employer who was a party to the collective bargaining agreement. Although shareholder liability is of statutory origin, Wis.Stat. § 180.140(6) only provides an additional remedy where liability of an employer is clear.

Section 180.40 LIABILITY OF DIRECTORS AND SHAREHOLDERS . . . (6) The shareholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the par value of shares owned by them respectively, and to the consideration for which their shares without par value was issued for all debts owing to employees of the corporation for services performed for such corporation, but not exceeding six months service in any one case.

In *Carpenters* the defendant was a true stranger to the collective bargaining agreement, had no identity of interest with the parties to the agreement or involvement with the system of organized labor, and was subject to liability pursuant to statute only. Under § 180.40(6) a shareholder has no personal liability unless there is in existence a corporate debt owed to the employees of the corporation for services performed. Where such debts must be determined by reference to a collective bargain-

ing agreement, a shareholder's liability cannot be determined without reference to that agreement. A shareholder will be intimately concerned with the system of organized labor if it affects the company in which the shareholder has invested, especially if the shareholder is the majority or sole shareholder.

■ In light of the "Artful Pleading Doctrine" the Court cannot ignore the federal question raised by plaintiff's complaint. Although the complaint alleges acts of fraudulent misrepresentation, the claim against Arnold W. Schmidt is limited to recovery for "the payments due and owing to plaintiffs for wages and benefits described above." The complaint states that Schmidt and other shareholders and directors voted for or assented to a distribution of assets as described and prohibited in Wis.Stat. § 180.40 and is further liable as a shareholder of Norwood to an amount equal to the par value of shares owed by him and to the consideration for which his shares without par value were issued for these debts owing plaintiffs arising from services performed for such corporation, not exceeding six months service as specifically described in Wis.Stat. 180.-40(6). This claim is nothing more than a derivative claim for breach of the collective bargaining agreement.

Plaintiff can have no remedy against the employer's shareholder unless the employer is liable for "debts owing to the employees of the corporation for services performed." Where reference must be made to the collective bargaining agreement to determine whether any such debts are owed, § 301 properly governs the action. The focus of this litigation is whether debts are owed by the corporation which the defendant must satisfy. Those debts cannot be determined without the evaluation of the terms of the collective bargaining agreement and the law which regulates it.

Contrary to plaintiffs' contention, liability in this case is not wholly based upon Wisconsin statutory law. Any individual liability of the defendants occurs by operation of law pursuant to § 180.40(6) only where the corporation is determined to

have debts due its employees for services rendered. Thus, liability of shareholders is inextricably dependent upon a determination of corporate employer's obligation to its employees, which in this instance are governed by a collective bargaining agreement which is subject to § 301. The focus of the litigation is the collective bargaining agreement, the law which governs it and the corporate liabilities thereunder. Thus, although "artfully pleaded," the complaint states a federal question which gives rise to jurisdiction under § 1441(b) even if the Ninth Circuit test were to be applied.

The second major issue before this Court is whether relief under § 180.40(6) is wholly pre-empted by § 301. In rejecting plaintiff's bid for relief under the bad faith doctrine, the United States Supreme Court discussed the pre-emptive effect of § 301:

> The full scope of the pre-emptive effect of federal labor-contract law remains to be flushed out on a case by case basis. We do note that when resolution of the state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, *see Avoco Corp. v. Aero Lodge 735*, 390 U.S. 557 [88 S.Ct. 1235, 20 L.Ed.2d 126] (1968), or dismissed as pre-empted by federal labor contract law.

*Allis Chalmers Corporation v. Lueck*, 471 U.S. 202, 221, 105 S.Ct. 1904, 1916, 85 L.Ed. 2d 206 (1985).

In *Lueck* the Supreme Court expanded the pre-emptive effect of § 301 beyond simple contract violations for the purpose of giving the policies which animate the statute their proper range. Among these policies is an interest in interpretive uniformity and predictability in labor contract disputes. *Id.* at page 211, 105 S.Ct. at page 1911. The *Lueck* court also cautioned "it would be inconsistent with Congressional intent under that section [301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of the labor contract." *Id.* at page 212, 105 S.Ct. at page 1912. The key inquiry isolated by the court in determining the appro-

priateness of pre-emption is whether the specific state action as applied would frustrate the federal labor contract scheme established by the Federal Labor Management Relations Act.

■ Plaintiffs assert a right to recover for debts of the corporation owed to them for services performed for the corporation which derives from the collective bargaining agreement and which must involve an interpretation of that agreement. Defendant's obligations under § 180.40 are not independent of the labor contract. Preemption of the derivative state claim would preserve the central role of arbitration in our system of industrial self-government and prevent plaintiffs' attempt to circumvent grievance procedures. Any other result would permit union employees to frame a state claim under § 180.40(6) for benefits due from the corporation against the shareholders, rather than participate in the arbitration procedures established for determining rights and liabilities under their collective bargaining agreements. In *Cavins v. Aetna Life Insurance Company*, 609 F.Supp. 309 (E.D. Wis.1985), the Eastern District of Wisconsin observed that "a rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness." *Id.* at page 311.

In another Seventh Circuit case *National Metal Crafters Division of Keystone v. McNeil*, 784 F.2d 817 (7th Cir.1986), the court found that an Illinois wage payment statute was pre-empted by § 301 and by § 8 of the National Labor Relations Act. In *Metal Crafters* plaintiffs protested the failure of the employer to pay vacation benefits negotiated under a collective bargaining agreement. Regarding the pre-emption of the state statute, the court said:

The problem with this argument is that the Wage Payment Act does not require any terms in the Employment Contract. It just requires the employer to stick to the terms of his negotiations with the employee, or the employee's bargaining representative. It is precisely because vacation time and vacation pay are negotiable that the company, by (arguably)

flouting the vacation provision of the old contract, can send a signal to the workers that it is no use authorizing a union to negotiate with it. The state has simply created a new remedy for violations of collective bargaining agreements ... When applied as in this case to disputed terms of the collective bargaining contract whose expiration precipitated a strike, the Wage Payment Act injects state officials into labor disputes over which the National Labor Relations Board has exclusive jurisdiction.

*Id.* at p. 828.

In *Metal Crafters* the court observed that pre-emption of the state's statute nonetheless left plaintiffs with a remedy, that available under § 301.

While recovery of benefits due under a collective bargaining agreement from a shareholder as opposed to the corporate employer would appear to do no violence, the determination of the amount and extent of liability of the shareholder for the corporate employer's breach of the labor contract would involve state court interpretation of collective bargaining agreements and would clearly frustrate the federal labor law scheme established under § 301. Section 180.40(6) merely requires that the shareholders must pay if the collective bargaining agreement is not adhered to by the employer.

Plaintiffs have not articulated a cause of action separate and apart from the breach of the employment contract, and specifically seek from this defendant only those benefits due and owing the plaintiffs as a result of this breach. Consequently, the complaint states a federal cause of action pre-empting any state claims plaintiffs might have against defendants. The shareholder liability claim must be converted into a § 301 claim or dismissed altogether. For this reason the motion to remand must be dismissed.

■ Defendant raises two potent arguments in favor of dismissal which plaintiffs, in their insistence upon the inapplicability of § 301, have not bothered to address. The first argument suggests that in accordance with both *Lingle* and *Cavins*

plaintiffs' failure to pursue established grievance procedures in the collective bargaining agreement requires dismissal of the action. The second argument asserts that plaintiffs fatally failed to file their claim within the six month statute of limitations period relevant to the § 301 claim. The cause of action accrued at the time of the sale of the assets in July of 1986. This is evident from the face of the complaint. The action was not commenced until February 1, 1988. The plaintiffs have stated a federal cause of action under § 301. Their failure to comply with the statute of limitations requires that the action be dismissed with prejudice pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

### ORDER

IT IS ORDERED that plaintiffs' motion to remand is DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss is GRANTED, with prejudice and costs.