978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kwang-Wei HAN, Plaintiff-Appellant,
v.
GENERAL AMERICAN LIFE INSURANCE COMPANY; John W. Willis,
Defendants-Appellees.
 Nos. 92-55004, 92-55112.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 28, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kwang-Wei Han appeals pro se the district court's dismissal of his action against General American Life Insurance Company (General American). Han contends the district court erred by denying his motion to remand the action to state court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a); Ethridge v. Harbor House Restaurant 861 F.2d 1389, 1393 (9th Cir.1988). Generally, a party may file an action in federal court if there is diversity of citizenship among the parties, or if the action raises a substantial federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The party seeking removal bears the burden of establishing federal jurisdiction. O'Halloran v. University of Wash., 856 F.2d 1375, 1380 (9th Cir.1988). Moreover, section 1441 is strictly construed against removal. Id. Nevertheless, the district court should deny a motion to remand if the case was properly removed to federal court. Carpenters S. Cal. Admin. Corp. v. Majestic Hous., 743 F.2d 1341, 1343 (9th Cir.1984).
 
 
 4
 An action which is auxiliary to an action already decided in state court, however, may not be removed to federal court. See Bank v. Turnbull & Co., 83 U.S. 190, 195 (1872). An action is separate and independent unless it "could not have arisen but for the [original] judgment and execution" or unless satisfaction of the original complaint would extinguish the more recently filed action. Id.
 
 
 5
 Here, Han concedes there is diversity jurisdiction. Thus, Han could have originally filed this action in federal court, and removal to federal court was proper. See 28 U.S.C. § 1441(a). Nevertheless, Han argues that his action should be remanded to state court because it is ancillary to the original action for declaratory and injunctive relief decided in state court. This argument has no merit.
 
 
 6
 Han first filed a complaint against General American for declaratory and injunctive relief on April 6, 1979. On May 2, 1990, after protracted litigation, a jury awarded Han $2025.70 plus interest and attorney's fees. On April 29, 1991, Han filed this action against General American, based on the same underlying facts, alleging wrongful foreclosure and seeking damages. On July 26, 1991, General American removed the second action to federal district court based on diversity jurisdiction. Han filed a motion to remand, which the district court denied on September 26, 1991. General American then moved to dismiss Han's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On November 6, 1991, the district court dismissed the action, and Han appealed.[2]
 
 
 7
 Han's complaint alleging wrongful foreclosure is separate and independent from his original action for declaratory and injunctive relief. See Bank, 83 U.S. at 195. Han's contention that his action should be remanded to state court because it is ancillary to his original complaint has no merit. See id. Thus, the district court properly denied Han's motion to remand. See Carpenters S. Cal. Admin. Corp. v. Majestic Hous., 743 F.2d at 1343.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny defendants' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The failure to raise an issue on appeal constitutes a waiver of that issue. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988). Here, the only issue Han addresses in his brief on appeal is his contention that the district court should have remanded his case to state court. Thus, we do not reach the merits of the district court's dismissal of Han's action pursuant to Rule 12(b)(6). See id
 
 
 [2]
 Han appealed the district court's dismissal of his action on December 3, 1991. He appealed the denial of his motion for remand on January 8, 1992. Nevertheless, because the district court failed to enter a separate judgment with regard to its order dismissing the action and denying the motion to remand, the time for filing an appeal did not begin to run. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-386 (1978). Thus, both of these notices of appeal were timely. See id