131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry E. BELTON, Sr., Plaintiff-Appellant,
v.
Rita WHEAT; Donald Stout; Janelle Himes; T.S. Traylor;
F.M. Hoffschneider; Bruce Cogan; Harold Pearman;
Lee Medeiros; Thomas A. Verrill;
United States of America,
Defendants-Appellees.
 No. 96-15252.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.**
Decided Nov. 28, 1997.
 
 Appeal from the United States District Court for the Northern District of California Maxine M. Cheaney, District Judge, Presiding
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larry E. Belton, Sr., a California state prisoner, timely appeals from the district court's order dismissing his complaint against Veterans Administration (VA) officials concerning the apportionment of Belton's disability benefits. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In May 1987 the VA notified Belton that his veterans disability benefits would be reduced by one half because of his incarceration, but he could assign the unpaid portion of his benefits to his children. Belton requested that these benefits be paid to two of his three children, Ashanti Belton and Larry E. Belton, Jr. The VA notified Belton and his ex-wife, Jacqueline Vinson, that the benefits would be paid to Vinson on behalf of Ashanti and Larry, Jr. Belton later requested that the payments to Ashanti and Larry, Jr., be stopped, and that the benefits be assigned to his older son, Innis. The VA denied the request because Innis was too old to qualify as a dependent.
 
 
 4
 On July 13, 1995, Belton filed a state court action against nine VA employees, alleging that they had conspired to violate Belton's state and federal rights. Belton did not file any administrative tort claims concerning these allegations with the VA, and there is no indication in the record that Belton filed any appeal from the decisions of the Board of Veterans Appeals.
 
 
 5
 The defendants removed Belton's action to federal district court, and the United States of America filed a Notice of Substitution for the individual defendants with respect to the state law causes of action. See 28 U.S.C. § 2679(d)(2). The United States Attorney certified that the individual defendants were acting within the scope of their employment at the time of the incidents giving rise to Belton's claims. On the same day, the defendants moved to dismiss Belton's complaint for failure to state a claim upon which relief could be granted, for lack of subject matter jurisdiction, and for failure to serve all but one of the individual defendants. The district court dismissed the individual defendants and substituted the United States of America as defendant for the state law causes of action.
 
 
 6
 Belton filed an objection to the removal and moved to remand to state court. Belton also filed a notice of opposition to the substitution of the United States as a defendant, in which he asserted that the District Judge Chesney was biased against him and should be disqualified. Belton subsequently moved for Judge Chesney's disqualification, asserting that she was biased in favor of the U.S. Attorney's office and prejudiced against black incarcerated Vietnam veterans. Belton also requested sanctions against four defense attorneys.
 
 
 7
 Judge Henderson denied Belton's motion to disqualify Judge Chesney, finding no potential for prejudice and no reasonable appearance of partiality, and Judge Illston denied Belton's motion for sanctions against the defense attorneys.
 
 
 8
 Judge Letts denied Belton's motion to remand, treated the opposition to substitution as a motion to reconsider and denied it, and granted the defendants' motion to dismiss.
 
 DISCUSSION
 
 9
 1. Removal to Federal Court/Denial of Motion to Remand.
 
 
 10
 Belton's complaint alleged claims under the U.S. Constitution, was brought against federal employees acting within the scope of their employment, and involved the federal question of alleged misapportionment of Belton's VA benefits. See 28 U.S.C. § 1441(b)(mandatory removal of claims arising under the United States Constitution or laws); 29 U.S.C. § 1442(a)(i) (permissive removal of civil actions against officers of the United States or any agency thereof, for acts under color of such office); 28 U.S.C. § 2679(d)(2)(mandatory removal of tort claims asserted against federal employee certified by the Attorney General acting within the scope of his office or employment). The defendants complied with the technical requirements for removal by filing a notice of removal with the U.S. District Court within thirty days of the date of service and thereafter filing a copy of the notice with the clerk of the state court. See 28 U.S.C. §§ 1446(a), (b), and (e). Belton's action was properly and timely removed to federal court.
 
 
 11
 A federal court should deny a motion to remand if the action is properly removed to federal court. Carpenters S. Cal. Admin. Corp. v. Majestic Hous., 743 F.2d 1341, 1343 (9th cir.1984). Belton's arguments to the contrary are unpersuasive. The district court did not err in denying the motion to remand.
 
 
 12
 2. Substitution of the United States.
 
 
 13
 Belton does not argue that the individual defendants were acting outside the scope of their employment at the time of the events giving rise to his claims; rather, he contends that substitution of the United States as a defendant deprived him of his Bivens claims. As the district court's order only substituted the United States as the defendant for Belton's state tort and state constitutional claims, the court did not err in ordering substitution.
 
 
 14
 3. Motion for Disqualification.
 
 
 15
 Beltonb asserts that Judge Chesney had a personal bias against him and is prejudiced against incarcerated black Vietnam veterans. Belton officers no facts in support of this contention. The motion was properly denied.
 
 
 16
 4. Dismissal of Belton's Claims.
 
 
 17
 The district court was precluded from reviewing Belton's claims concerning his benefit reapportionment. See 38 U.S.C. § 511(a). Under Hicks v. Small, 69 F.3d 967, 969-70 (9th Cir.1995), the dismissal of Belton's Bivens claims must be affirmed because of Belton's failure to state a claim under Rule 12(b)(6), while the dismissal of Belton's state tort claims must be affirmed for lack of subject matter jurisdiction.
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3